DEERE & COMPANY,
Plaintiff-Appellee,

v.

SPERRY RAND CORPORATION,
Defendant-Appellant.

No. 71–1897.

United States Court of Appeals,
Ninth Circuit.

March 31, 1975.
Rehearing and Rehearing En Banc
Denied May 30, 1975.

Phillip H. Mayer, Chicago, Ill., (argued), for defendant-appellant.

Dugald S. McDougall, Chicago, Ill. (argued), for plaintiff-appellee.

## OPINION

Before TRASK and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

Deere & Company (Deere) brought this action to declare invalid four hay-harvesting patents owned by Sperry Rand Corporation (Sperry Rand). The district court held the patents invalid because the patented machine was a combination of old elements anticipated by the

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

prior art of mower-conditioners and containing only obvious improvements upon it. Sperry Rand appeals, limiting its arguments to claims 13 (method), 16 (device) and 20 (machine) of Patent No. 3,375,643 (the '643 patent). We affirm.

The '643 patent describes a hay-harvesting machine, the "Haybine," designed to mow hay and condition the cut crop for quick drying in a single operation. Prior mower-conditioners known to the art (exemplified by the Crose machine[1]) consisted of a cutting blade in combination with a raking reel whose tines lifted the crop across the cutting blade and then pushed the cut crop material up a short ramp to the conditioning rolls which would crush or crack the stems of the cut crop, allowing moisture to escape. These prior machines were subject to frequent plugging when cut hay would pile up in front of the conditioning rolls and, consequently, were not widely used. New Holland, a division of Sperry Rand, solved the plugging problem in the Haybine by: (1) placing the raking reel closer to the rolls and using cam-actuated tines on the reel to deliver the cut hay directly to the rolls; (2) installing a rough-surfaced upper roll slightly ahead of the lower roll to "strip" the reel of the cut crop; and (3) increasing the speed of the rolls relative to the reel to aid in stripping the reel. The Haybine employed the same or similar elements existing in prior art but in the above altered form.

■ At the outset, Sperry Rand asserts that the district court erred in holding that the defendant-owner of a patent in a declaratory judgment action has the burden of proof on validity of the patent, contrary to the statutory presumption of validity contained in 35 U.S.C. § 282.[2] However, when a patent is attacked as obvious in light of prior art, the presumption dissipates upon a showing that the prior art was not brought to the attention of the patent examiners. Hewlett-Packard Co. v. Tel-Design, Inc., 460 F.2d 625, 628 (9th Cir. 1972). The Crose hay harvester, conceded to be the most important prior art with respect to the '643 patent, was not presented to, nor considered by, the Patent Office in granting the challenged patent. Hence, the presumption was insufficient in the face of the unconsidered prior art to shift the burden of proof on the validity issue to Deere.

■ Sperry Rand primarily argues that the district court used an improper standard for determining obviousness under 35 U.S.C. § 103.[3] The district court required that a combination patent comprised of old elements "must result in *new and surprising* consequences and not merely produce a result consistent with the expected operation of the sum of the constituent elements." (Emphasis added.) The "unusual or surprising consequences" test for patentability of combination devices originated in Great Atlantic & Pacific Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 95 L.Ed. 162 (1950). That requirement has not been superseded but is now codified in 35 U.S.C. § 103, which denies patentability if the differences between the subject of the patent and the prior art would have been obvious to a person having ordinary skill in the art. Graham v. John Deere Co., 383 U.S. 1, 14–17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). While

1. Seven hay-harvesting machines were custom built and sold from 1956 to 1958 by the H. L. Crose Company of Tulare, California. One was produced at trial. It had been used for several years by one who made his living mowing and conditioning hay for growers. The parties agree that this machine is the prior art most closely resembling the patented device.

2. 35 U.S.C. § 282 states in part: "A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it."

3. 35 U.S.C. § 103 states in part:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

we have more recently emphasized the "unusual or surprising" language in *A & P Tea*, we have also authorized slight modifications of this language, such as "new and unexpected" results. Regimbal v. Scymansky, 444 F.2d 333, 338–40 (9th Cir. 1971). The district court did not err when it determined the issue of obviousness by requiring a new and surprising result.[4]

■ Sperry Rand asserts that a significant new result or mode of operation was obtained in the '643 patent by increasing the speed of the rolls relative to the raking reel, which "accelerated and attenuated" the cut crop material and prevented it from bunching and piling up in front of the rolls. The acceleration and attenuation of crop material was not specified in the patent claims and the district court properly refused to consider that process as a significant advance over prior art. *See* Graham v. John Deere Co., *supra*, 383 U.S. at 25, 86 S.Ct. 684.

■ Sperry Rand complains about the trial court's refusal to consider evidence of Deere's copying, the Haybine's commercial success and failure of the prior art in meeting an unsolved need as indicia of lack of obviousness. However, such secondary considerations cannot be the basis for validating a patent which, as here, is lacking in invention. Hewlett-Packard Co. v. Tel-Design, Inc., *supra*, 460 F.2d at 630–31.

Without claiming that the findings of fact are clearly erroneous, Sperry Rand discusses at great length the evidence underlying the district court's finding that the Haybine device was constructed with the use of old elements and functions known in the prior farm machinery

art. We cannot hold this finding to be clearly erroneous. Since the proper test of obviousness was used, we must affirm the district court's conclusion that the '643 patent is invalid in view of prior art.

Affirmed.

---

4. We find no support in this case for Sperry Rand's attempted distinction between a new combination of old functions, assertedly struck down in *A & P Tea*, and a combination of old parts, which may be viewed with greater liberality if it produces a new result. Sperry Rand correctly cites Reeves Instrument Corp. v. Beckman Instruments, Inc., 444 F.2d 263 (9th Cir.), cert. denied, 404 U.S. 951, 92 S.Ct. 283, 30 L.Ed.2d 268 (1971), for the proposition that the court must consider the combination "as a whole" and not the individual novelty of its separate elements. That decision, however, did not signal any retreat from the "unusual and surprising" results test for obviousness in any combination, whether of functions or of parts. *See id.* at 270–73. The district court in this case applied that test to determine that any increased efficiency of the Haybine was the obvious result of substituting well-known elements of farm machinery into an old combination.