SATCO, INC., **Plaintiff,**

v.

**TRANSEQUIP, INC., Defendant.**

SATCO, INC., **Plaintiff,**

v.

**SEABOARD WORLD AIRLINES, Defendant.**

**Civ. Nos. 73–1684–HP, 73–2774–HP.**

United States District Court, C. D. California.

June 8, 1976.

George F. Smyth, Mario A. Martella, Smyth, Roston & Pavitt, A Professional Corporation, Los Angeles, Cal., for plaintiff.

Robert D. Hornbaker, A Professional Corporation, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

PREGERSON, District Judge.

These consolidated cases are actions for infringement of Looker's U.S. Patent No. 3,698,677 entitled "Pallet for Moving and Securing Cargo," issued on October 17, 1972.

Plaintiff Satco, assignee of the patent, charges that defendant Transequip makes and sells, and defendant Seaboard uses, all-aluminum air cargo pallets which infringe the Looker patent. This court has jurisdiction under the patent laws of the United States, 28 U.S.C. § 1338.

The Satco pallets manufactured under the Looker patent are about 88″ wide and 108″ or 125″ long and consist of a rectangular all-aluminum center panel about .20″ thick riveted to a thicker (.64″) aluminum frame containing sockets or slots designed to engage cargo nets or containers. The basic components of the Looker invention—center panel, frame, rivets, sockets—are exemplified in Figures 10, 11, 15, and 25 of the patent. These four drawings are reproduced below:

FIG. 10.

center panel

frame

*Fig. 11.*

*Fig. 15.*

cross-section showing rivet

*Fig. 25.*

socket

Because of its relatively thin center panel (74) and thicker frame (72), as shown in Figure 15, Looker's aluminum pallet, as made by Satco, has two useful interacting characteristics: (1) vertical flexibility and (2) horizontal rigidity. When the pallet is used to support or move cargo, vertical flexibility permits the pallet to bend and bow out of the horizontal plane to accommodate uneven points in supporting struc-

tures, e. g., roller-trays or ball-mats, without warping, denting, tearing, or other damage. Moreover, when the pallet is anchored to an aircraft's deck, horizontal rigidity permits the pallet to withstand forces generated by take-off, flight, landing, and "survivable" crashes.

Satco contends that the interaction of vertical flexibility and horizontal rigidity found in Looker's pallets was unexpected and nonobvious. Looker's invention, according to Satco, solved the delamination, denting, warping, and tearing problems which plagued prior art air cargo pallets with rigid center panels. These center panels were made of such materials as laminated plywood-lebanite, laminated plywood-phenrock, and laminated balsa-aluminum.

Looker's all-aluminum pallet eliminated or reduced the problems inherent in air cargo pallets with rigid laminated center panels. Since Looker's pallet contains a single center sheet of flexible aluminum (about .20″ thick), the delaminating problem was eliminated and warping and denting were reduced, as one would expect. Prior art laminated aluminum-balsa center panels also suffered tearing of their relatively thin (.05″) aluminum skins caused, in part, by uneven points on roller-trays and ball-mats. Tearing of this sort obviously does not occur with the Looker pallet since it has no thin aluminum skin.

Transequip and other non-party manufacturers fabricate all-aluminum pallets used by Seaboard to transport air cargo. These pallets embody the same basic components and perform the same basic functions as Looker's pallets. Among their asserted defenses to charges of infringement, Transequip and Seaboard claim that the Looker combination patent is invalid under § 103 of

Title 35 U.S.C. for obviousness. The court now addresses this overriding issue.

Each basic element combined in the Looker pallet—center panel, frame, rivets, sockets—was known in the prior art. The pivotal question under § 103 is, then, whether this assemblage of old elements created a valid combination patent by producing a result that can be characterized as synergistic, i. e., "result[ing] in an effect greater than the sum of the several effects taken separately." Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57, 61, 90 S.Ct. 305, 308, 24 L.Ed.2d 258 (1969).

Satco argues that the Looker combination patent does indeed produce a synergistic result. The synergism of Looker's invention, according to Satco, is a novel interaction between the thicker aluminum frame and the thinner aluminum center panel, producing a combined structure that is both rigid and flexible. Rigid when the pallet is subjected to substantial horizontal forces; flexible when subjected to vertical forces. But the sum of such effects is exactly what one would expect from the elements of this structure. An ordinary aluminum cafeteria tray will produce the same expected effects.[1] Looker's combination does not produce a synergism—it only produces expected results. See Sakraida v. Ag Pro, Inc., —— U.S. ——, 96 S.Ct. 1532, 47 L.Ed.2d 784, 44 U.S.L.W. 4477, 4480 (1976).

In short, while Looker's combination of known elements performs a useful function and enjoys moderate commercial success, it produces no synergistic results, i. e., it "is wanting in any unusual or surprising consequences"; therefore, it is not patentable under the test applicable to combination patents. Great Atlantic & Pacific Tea Co.

---

1. Indeed, substantially the same results were produced by Currie's prior art unpatented all-aluminum pallet, which, in fact, was a large tray. The Currie pallet was designed in 1964 by Robert Currie, a civilian engineer at Norton Air Force Base, to eliminate problems of warping, tearing, and delamination suffered by the Air Force's laminated balsa-aluminum pallets. Using Currie's design, the Air Force built two all metal pallets out of ¼″ aluminum plate. The borders of the aluminum sheet were turned up at an angle of about 30° and the four corners were then welded to form a large tray, 54″ wide, 88″ long, and 1³/₁₆″ deep. The turned up borders were provided with slots for cargo net hooks. After undergoing ground experiments, one of Currie's pallets was used publicly in 1965 to transport military air cargo. The Air Force, however, declined to use Currie's innovation and continues to use its earlier developed pallet.

*v. Supermarket Equipment Corp.,* 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 (1950). "The *[A & P Tea]* 'unusual or surprising consequences' test for patentability of combination devices . . . is now codified [by the 1952 Patent Act] in 35 U.S.C. § 103, which denies patentability if the differences between the subject of the patent and the prior art would have been obvious to a person having ordinary skill in the art." *Deere & Co. v. Sperry Rand Corp.,* 513 F.2d 1131, 1132 (9th Cir. 1975).

Accordingly, the court concludes that the subject matter of the Looker combination patent was obvious within the meaning of 35 U.S.C. § 103. U.S. Patent No. 3,698,677 is therefore declared invalid.

Counsel for Transequip and Seaboard shall lodge appropriate proposed judgments.

This Memorandum of Decision shall constitute the court's findings of fact and conclusions of law in accordance with Fed.R. Civ.P. 52.