SATCO, INC., Plaintiff-Appellant,

v.

TRANSEQUIP, INC., Defendant-Appellee Cross-Appellant.

SATCO, INC., Plaintiff-Appellant,

v.

SEABOARD WORLD AIRLINES, Defendant-Appellee Cross-Appellant.

SATCO, INC., Plaintiff-Appellee,

v.

TRANSEQUIP, INC., Defendant-Appellant,

and

SATCO, INC., Plaintiff-Appellee,

v.

SEABOARD WORLD AIRLINES, Defendant-Appellant.

Nos. 76–3481, 76–3482 and 77–1006.

United States Court of Appeals, Ninth Circuit.

April 16, 1979.

Roland N. Smoot (argued), Lyon & Lyon, Los Angeles, Cal., for Satco, Inc.

Robert D. Hornbaker (argued), Los Angeles, Cal., for Transequip, Inc. and Seaboard World Airlines.

Before CHAMBERS, Senior Circuit Judge, BRIGHT * and TANG, Circuit Judges.

BRIGHT, Circuit Judge.

Satco, Inc., as holder of United States Patent No. 3,698,677, entitled "Pallet for Moving and Securing Cargo," issued on October 17, 1972, brought separate actions in federal district court against appellees Transequip, Inc. and Seaboard World Airlines for patent infringement. The district court[1] determined that Satco's device was not patentable, because the pallet failed to meet the statutory test of nonobvious subject matter, under 35 U.S.C. § 103 (1976), and the court dismissed the action.

Satco appeals the dismissal, attacking the district court's ruling that its patented device is "obvious." Transequip and Seaboard cross-appeal the failure of the district court

---

* Honorable Myron H. Bright, United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The Honorable Harry Pregerson, United States District Judge for the Central District of California.

to award them attorneys' fees. We affirm the rulings of the district court.

## I. *Background.*

Satco's patented cargo pallet, known as the "Looker" patent after its inventor, Robert Looker, is illustrated and fully described in the district court's opinion, reported as *Satco, Inc. v. Transequip, Inc.,* 415 F.Supp. 221 (C.D.Cal.1976). Without fully repeating that description, we observe that the Looker patent represents an all-metal pallet, with dimensions of 88 inches by 108 or 125 inches, consisting of a flat sheet of .20-inch thick aluminum, surrounded by and riveted to a sturdy aluminum frame. The frame contains sockets or slots designed to engage cargo nets or containers. Aircargo is strapped to this pallet, and the unit (cargo and pallet) may be moved over cylindrical rollers in an airplane and thereafter secured to the deck of the aircraft.

Prior to the Looker patent, most pallets utilized for aircraft cargo contained a rigid center panel of a laminated material. After a certain period of use, such materials often become delaminated, torn, dented, or warped. Because the center panel of the Looker patent consists of a single flexible sheet of aluminum, it does not separate or easily break or tear. According to Satco, the Looker patent possesses two useful features not found together in other pallets: (1) vertical flexibility through use of the relatively thin aluminum sheeting, and (2) horizontal rigidity because of the introduction of the heavier aluminum metal frame. Satco relies on the interaction of these features as establishing the nonobviousness of its invention, notwithstanding that each individual element of the Looker patent had long been known to designers of cargo pallets.

The district court, in rejecting Satco's contention of nonobviousness, stated:

> Each basic element combined in the Looker pallet—center panel, frame, rivets, sockets—was known in the prior art.

The pivotal question under § 103 is, then, whether this assemblage of old elements created a valid combination patent by producing a result that can be characterized as synergistic, *i. e.,* "result[ing] in an effect greater than the sum of the several effects taken separately." *Anderson's-Black Rock, Inc. v. Pavement Salvage Co.,* 396 U.S. 57, 61, 90 S.Ct. 305, 308, 24 L.Ed.2d 258 * * * (1969).

\* \* \* \* \* \*

In short, while Looker's combination of known elements performs a useful function and enjoys moderate commercial success, it produces no synergistic results, *i. e.,* it "is wanting in any unusual or surprising consequences"; therefore, it is not patentable under the test applicable to combination patents. *Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp.,* 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162 * * * (1950). "The [A & P Tea] 'unusual or surprising consequences' test for patentability of combination devices . . . is now codified [by the 1952 Patent Act] in 35 U.S.C. § 103, which denies patentability if the differences between the subject of the patent and the prior art would have been obvious to a person having ordinary skill in the art." *Deere & Co. v. Sperry Rand Corp.,* 513 F.2d 1131, 1132 (9th Cir. 1975).

Accordingly, the court concludes that the subject matter of the Looker combination patent was obvious within the meaning of 35 U.S.C. § 103. [*Satco, Inc. v. Transequip, Inc.,* 415 F.Supp. 221, 224–25 (C.D.Cal.1976).]

## II. *Obviousness of the Looker Pallet.*

"Nonobvious" subject matter is an essential condition of patentability under section 103 of the Patent Act, 35 U.S.C. § 103 (1976).[2] The Supreme Court, in *Graham v.*

---

**2.** § 103. *Conditions for patentability; non-obvious subject matter*

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title,

if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordi-

*John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), enunciated the following basic factual inquires to be made by the federal courts in ascertaining whether an invention meets the nonobviousness test of section 103:

> [T]he scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. [*Graham v. John Deere Co., supra*, 383 U.S. at 17, 86 S.Ct. at 694.]

The Court has twice admonished that "strict observance" of those factual inquiries is necessary. *Graham, supra*, 383 U.S. at 18, 86 S.Ct. 684; *Anderson's-Black Rock v. Pavement Salvage Co.*, 396 U.S. 57, 62, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).

Satco asserts that the district court, in the portions of its opinion quoted above, utilized an inappropriate test of nonobviousness, equating nonobviousness with producing a synergistic result (or "unusual or surprising consequences"), rather than undertaking the factual analysis required by the *Graham* case, *supra*. Accordingly, Satco contends that we must vacate the judgment and remand the case to the district court for a redetermination of the obviousness issue under the analysis set forth in *Graham*.

■ We reject this contention. The district court did not precisely articulate its application of the *Graham* analysis in deciding the obviousness issue. However, a reading of the court's entire opinion, in the context of the extensive record in this case, reveals that the district court in fact appropriately examined the prior art in comparison with the Looker patent and took into account the level of ordinary skill in the pertinent art.

The district court's careful description of the differences between the Looker patent and prior art pallets, *Satco, supra*, 415 F.Supp. at 224, reflects the comprehensive evidence in the record regarding "the scope and content of the prior art" and the "differences between the prior art and the claims at issue," the first two factual inquiries required by *Graham, supra*. The record amply supports the district court's findings that, although Looker improved upon prior art pallets, each basic component of the Looker patent was known in the prior art.

We think it is also clear, from the district court's reference to a prior art unpatented pallet achieving effects similar to those of the Looker patent, that the court took into account the third *Graham* consideration, the level of ordinary skill in the pertinent art, in finding that the Looker pallet produces only "expected effects." *Satco, supra*, 415 F.Supp. at 224 and n. 1. Moreover, the court's quotation of the "obvious to a person having ordinary skill in the art" language of *Deere & Co. v. Sperry Rand Corp.*, 513 F.2d 1131, 1132 (9th Cir. 1975), and its reference to "the meaning of 35 U.S.C. § 103," *id.* at 225, which statute contains similar language, indicates the court's awareness of the importance of the level of ordinary skill in assessing obviousness.

We therefore conclude that the district court made the factual inquiries required by *Graham* and section 103 as a background to its assessment of obviousness.

■ After addressing the factual inquiries called for by the *Graham* case, the district court was called upon to form a legal conclusion as to the section 103 condi-

---

nary skill in the art to which said subject matter pertains. Patentability shall not be

negatived by the manner in which the invention was made.

tion of patentability.[3] In forming its legal conclusion that the Looker device failed of patentability for obviousness, the district court properly considered the failure of that device, which combines old elements, to create a synergistic result [4] or to disclose any "unusual or surprising consequences." See *Sakraida v. Ag Pro*, 425 U.S. 273, 282, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976); *Anderson's-Black Rock v. Pavement Salvage Co.*, 396 U.S. 57, 60–61, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969); *Penn International Industries v. Pennington Corporation*, 583 F.2d 1078, 1081 (9th Cir. 1978); *Reinke Manufacturing Co. v. Sidney Manufacturing Co.*, 594 F.2d 644 at 648 (8th Cir. 1979).

■ Ample evidence in the record supports the district court's determination that the Looker patent is invalid as obvious within the meaning of 35 U.S.C. § 103, and we affirm on that issue.

We add a comment. The *Graham* analysis represents a practical approach for courts in developing a factual background for determining patentability. As already noted, the Supreme Court has insisted upon strict observance of that approach in order to achieve "that uniformity and definiteness [in patentability decisions] which Congress called for [in enacting section 103]." *Graham v. John Deere & Co., supra*, 383 U.S. at 18, 86 S.Ct. at 694. See *Anderson's-Black Rock, supra*, 396 U.S. at 62, 90 S.Ct. 305. We further suggest that trial courts may make our task on review easier and more precise by fully articulating findings under the *Graham* analysis in all cases presenting the obviousness issue.

### III. *Attorneys' Fees.*

■ In their cross-appeal, Transequip, Inc. and Seaboard World Airlines seek attorneys' fees.[5] The cross-appellants rely upon 35 U.S.C. § 285 (1976), which provides that the court may award attorneys' fees to the prevailing party in a patent infringement action "in exceptional cases." Transequip and Seaboard urge that this is such an "exceptional case," because Robert Looker caused Satco to bring this action in bad faith.

We reject the cross-appellants' request for attorneys' fees for two reasons.

First, we doubt that the issue of attorneys' fees is properly before us for review, as the cross-appellants failed to obtain a ruling on this issue from the district court. Although Transequip and Seaboard in a posttrial brief requested attorneys' fees, the trial court did not rule on such request. After judgment, cross-appellants moved for an amendment of the judgment only to add costs, not to provide attorneys' fees.

Second, the district court denied costs to Transequip and Seaboard (a matter not raised on this appeal, see note 5 *supra* ) for reasons which are more than adequate to support denial of the cross-appellants' claims for attorneys' fees.[6] Thus, the cross-appellants have failed to demonstrate any

---

3. While the *Graham* case indicates that resolution of the obviousness issue under § 103 necessarily entails certain factual inquiries, the ultimate test of patent validity remains one of law. See *Sakraida v. Ag Pro*, 425 U.S. 273, 280, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976).

4. A synergistic result occurs when a combination of elements produces an effect greater than the sum of the several effects of the elements taken separately. See *Anderson's-Black Rock v. Pavement Salvage Co.*, 396 U.S. 57, 61, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).

5. The notice of cross-appeal contested the trial court's failure to award costs and attorneys' fees, but Transequip and Seaboard in a consoli-

dated brief assert only an entitlement to attorneys' fees under 35 U.S.C. § 285.

6. In its order dated September 23, 1976, denying the cross-appellants' motion to amend the judgment to award them costs, the district court stated:

(1) [The court's] original ruling that each party bear its own costs was properly based on the court's perception of the equities present in this case in that, although the defendants [Transequip and Seaboard] prevailed on the obviousness issue, the plaintiff's [Satco's] suit was not frivolous;

\*   \*   \*   \*   \*   \*

(4) Defendants spent much more time and money than warranted by the simple facts.

right to receive attorneys' fees in this litigation.

AFFIRMED.[7]

[A]n inordinate amount of time was spent on raising secondary issues.

7. The appellees, Transequip and Seaboard, shall be deemed the prevailing parties on this appeal. The appellees shall be entitled to 80 percent of their costs on the consolidated appeal and cross-appeal.