**NORRIS INDUSTRIES, INC., a corporation, Plaintiff-Appellee,**

v.

**The TAPPAN COMPANY, a corporation, Defendant-Appellant.**

**No. 77–1836.**

United States Court of Appeals, Ninth Circuit.

July 2, 1979.

D. Bruce Prout, Leo J. Young, Christie, Parker & Hale, Pasadena, Cal., for defendant-appellant.

Michael D. Harris, Los Angeles, Cal., William Poms, Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN and TANG, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

Norris Industries, Inc. (Norris) instituted this action seeking declaratory judgment that United States Patents 3,081,392 and 2,831,952, issued to Elmer Warner and assigned to The Tappan Company (Tappan), were invalid and not infringed. Tappan counterclaimed for infringement of claims 1–7, 11, and 12 of 3,081,392 and claims 4, 5, and 10–12 of 2,831,952. Patent 3,081,392 embodies Warner's alleged invention of a microwave oven with an electrical radiant heating element within the microwave cavity to brown food. Patent 2,831,952 is an adaptation to a built-in oven.

The District Court entered extensive findings of fact and conclusions of law holding each of the above claims invalid and not infringed, and based thereon, entered judgment on December 29, 1976, 193 U.S.P.Q. 552 (1976).

On appeal, Tappan challenges the District Court's findings of anticipation by the 1947 work of George Schroeder, obviousness, and double patenting. We note jurisdiction and affirm.

■ The District Court's findings were prepared and submitted by counsel for Norris and, therefore, suspect. *Zweig v. Hearst Corp.*, 594 F.2d 1261, at 1263 n.2 (9th Cir., 1979). Nevertheless, we are still bound by

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

the clearly erroneous standard. *Photo Electronics Corp. v. England*, 581 F.2d 772, 777 (9th Cir. 1978). The findings of fact herein involved, though not the handworkings of the District Judge, "are formally his; . . not to be rejected out-of-hand, and . . they will stand if supported by evidence." *United States v. El Paso Natural Gas Co.*, 376 U.S. 651, 656, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964).

 On the subject of anticipation, the District Court found that "[t]he 1947 work of Schroeder included all of the same elements, arranged in the same manner and operating to produce the same results as required in each of the claims of Warner [3,081,392] and [2,831,952]." A patent is invalid under 35 U.S.C. § 102(g) if "before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it." Tappan had the burden of proving abandonment, suppression, or concealment but presented no evidence concerning actions by Schroeder to abandon, suppress, or conceal his invention.

In determining that Tappan's patents were obvious to one of ordinary skill in the art, 35 U.S.C. § 103, the District Court reviewed the prior art; compared each claim of Tappan's patents to the prior art; and considered the level of ordinary skill in the art, as required by *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). "The trial court's *Graham* findings are binding on appeal if not clearly erroneous." *Saf-Gard Products, Inc. v. Service Parts, Inc.*, 532 F.2d 1266, 1272 (9th Cir.), *cert. denied*, 429 U.S. 896, 97 S.Ct. 258, 50 L.Ed.2d 179 (1976).

In addition, the District Court found that Tappan's patents were "combination" patents producing no new or different function

as required by *Anderson's-Black Rock, Inc. v. Pavement Salvage Co.*, 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 253 (1969).[1]

Finally, the Court found Patent 3,081,392 invalid because it was a second patent issued for one invention, in violation of *Miller v. Eagle Manufacturing Co.*, 151 U.S. 186, 198, 14 S.Ct. 310, 38 L.Ed. 121 (1894).[2]

Our scrutiny of the record reveals ample evidence to support the District Court's findings of fact and no basis for a conclusion that those findings were clearly erroneous. The judgment of the District Court is, therefore, affirmed.

AFFIRMED.

---

1. We reject Tappan's claim that the District Court erroneously excluded or discounted evidence pertaining to the "long felt need" met by Warner's invention. "[S]uch secondary considerations cannot be the basis for validating a patent which, as here, is lacking in invention." *Deere & Co. v. Sperry Rand Corp.*, 513 F.2d 1131, 1133 (9th Cir.), *cert. denied*, 423 U.S. 914, 96 S.Ct. 218, 46 L.Ed.2d 142 (1975).

2. Tappan urges this Court to consider its good faith in applying for a patent for its generic device first and then for its "improvement." The delay in issuing the patent for the original product was caused by the Patent Office, not by Tappan. These assertions simply do not alter the District Court's findings that the two patents are "not patentably distinct."