Frances CHILDS, Plaintiff-Appellant,

v.

LOCAL 18, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and International Brotherhood of Electrical Workers, Defendants-Appellees.

No. 82–5616.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1983.

Decided June 28, 1983.

As Amended on Denial of Rehearing Nov. 10, 1983.

Robert M. Dohrmann, Schwartz, Steinsapir, Dohrmann & Krepack, Elizabeth R. Lishner, Davis, Frommer & Jesinger, Los Angeles, Cal., for defendants-appellees.

Frances Childs, pro se.

Before ANDERSON, TANG, and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Childs seeks reversal of the district court's judgment in favor of appellees, International Brotherhood of Electrical Workers (the IBEW), and its Local 18. The district court dismissed appellant's Title VII claims against both Local 18 and the IBEW for lack of subject matter jurisdiction. *See* 42 U.S.C. § 2000e(b) (1976). It granted judgment on the merits to appellees at the close of appellant's case on the section 1981 and 1985 claims, 42 U.S.C. §§ 1981, 1985 (1976), and the Labor Management Reporting and Disclosure Act (LMRDA) claims, 29 U.S.C. §§ 411(a)(1), (2) and 529 (1976). We have jurisdiction under 28 U.S.C. § 1291 (1976), and affirm.

I

Appellant is a black woman. In July, 1975, she took a leave of absence from her position with the City of Los Angeles, Department of Water and Power to accept a position on the staff of Local 18 as its Business Representative. In July, 1976, Mr. Ray Taylor, the Business Manager of Local 18 notified appellant that she would be fired from her position on the Local's staff. Appellant therefore returned to her job with the City Department of Water and Power.

In August, 1976, appellant filed a complaint with the IBEW protesting the termination of her job with Local 18. Her complaint was investigated and denied by the IBEW vice-president, and her appeal from this denial was rejected by the Union president. In January, 1977, appellant filed a civil suit in federal district court alleging that her discharge by the Local violated Title VII, 42 U.S.C. § 2000e *et seq.*, section 1981, 42 U.S.C. § 1981, and the LMRDA, 29 U.S.C. § 401 *et seq.*

Some months later, in June, 1977, several members of Local 18 filed charges with the Local alleging that appellant had engaged in misconduct violative of the Union constitution. A hearing was held on these charges in August, 1977, before the Local 18 Executive Board. Appellant refused to participate in the hearing and the Board found her guilty of the charged misconduct. Appellant appealed the Board's decision to the IBEW where the decision was reversed and the charges dismissed. Subsequently, in July, 1978, appellant filed a second civil suit in federal court against Local 18 and the IBEW alleging that the misconduct charges against her violated Title VII because they were a form of retaliation for her first civil suit. The second suit also alleged violations of the LMRDA, and 42 U.S.C. § 1985, arising from the union misconduct charges.

Appellants' complaints were consolidated and tried in April of 1982. The district court dismissed appellant's claims under Title VII for lack of subject matter jurisdiction. At the close of plaintiff's presentation of evidence, the district court granted judgment in favor of defendants, pursuant to Fed.R.Civ.P. 41(b), on all remaining claims because plaintiff had not presented sufficient evidence to entitle her to relief on any of her causes of action.

On appeal, appellant challenges the district court's dismissal of her Title VII claims, the propriety of the judgment under Rule 41(b) on her other claims, the court's refusal to rule on her summary judgment motion, and the procedures the district court followed for entering its Finding of Fact and Conclusions of Law.

## II

The district court determined that it lacked subject matter jurisdiction over appellant's Title VII claims because IBEW was not appellant's employer and Local 18 was not an employer within the terms of 42 U.S.C. § 2000e(b). Section 2000e(b) states:

The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person ....

42 U.S.C. § 2000e(b). It is undisputed that Local 18 employed fewer than fifteen people during the time of appellant's tenure there. There is no evidence that appellant was employed by the IBEW,[1] which does have a number of employees exceeding the jurisdictional minimum. These facts formed the basis of the district court's dismissal of appellant's Title VII claims against Local 18 and the IBEW. Appellant contends, however, that the entity that practiced discrimination against her, for purposes of her Title VII claims, was an "employer" under section 2000e(b) as either a single employing entity composed of Local 18 *and* the IBEW or Local 18 acting as agent of the IBEW. We disagree.

■ In *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389 (8th Cir.1977), the Eighth Circuit applied a four-prong test, used by the NLRB in labor cases, to determine whether two employing entities constitute a single employer for purposes of jurisdiction under Title VII.

[T]he standard to be employed to determine whether consolidation of separate [employing] entities is proper are the standards promulgated by the National Labor Relations Board: (1) inter-relation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control.

*Id.* at 392; *accord York v. Tennessee Crushed Stone Assoc.,* 684 F.2d 360, 362 (6th Cir.1982); *Mas Marques v. Digital Equipment Corp.,* 637 F.2d 24, 27 (1st Cir.1980); *Williams v. Evangelical Retirement Homes of Greater St. Louis,* 594 F.2d 701, 703 (8th Cir.1979). Under this standard, appellees argue that there is no basis for considering Local 18 and the IBEW to be a single employer. Although Local 18 is chartered by the IBEW, it conducts its own labor relations, hires and fires employees on its own, elects its own officers, conducts its own collective bargaining, and has a separate treasury. We conclude, therefore, that Local 18 and the IBEW are not a single employer under the *Stuart Broadcasting* test.

■ Appellant argues, nonetheless, that if the Local is an agent of the IBEW, a suit against Local 18 as agent of the IBEW meets the Title VII jurisdictional requirement. This position is supported by the language of the statute, 42 U.S.C. § 2000e(b), and indirectly by *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1215 (9th Cir.1980) (International liable for actions of Local only if Local is agent of International). In this case, however, appellant has not alleged or offered to prove any of the traditional indicia of an agency relationship (such as consent by the alleged agent that another shall act on his behalf, and control of the alleged agent by the principal).[2] *See, e.g., Nelson v. Serwold,*

---

1. We have examined the record and find no evidence to support appellant's contention, made at oral argument, that she was actually hired by the IBEW rather than Local 18.

2. Plaintiff contends that the IBEW Constitution proves that the IBEW exercised the necessary control over the daily business decisions of Local 18. We have allowed the plaintiff to supplement the record on appeal with the Constitution. It was introduced at trial but inadvertently omitted from the record on appeal. Although we find from our examination of the Constitution that the International Union reserved to itself the right to approve the bylaws of the Local Unions, required remittance of a

687 F.2d 278, 282 (9th Cir.1982); *cf. Kaplan v. International Alliance of Theatrical and Stage Employees of the United States and Canada,* 525 F.2d 1354, 1360 (9th Cir.1975) (International liable for discrimination of Local under Title VII where International exhibited "high degree" of involvement in Local's affairs). Accordingly, we affirm the district court's dismissal of appellant's Title VII claims against both the IBEW and Local 18.

■ At the close of plaintiff's case in chief, defendants moved for dismissal of her claims under section 1981 and 1985 and the LMRDA pursuant to Fed.R.Civ.P. 41(b). The district court granted the motion. We will reverse a grant of a Rule 41(b) motion only if findings of fact made by the district court are clearly erroneous or are insufficient to support the court's legal conclusion that appellant has shown no right to relief. *See Wilson v. United States,* 645 F.2d 728, 730 (9th Cir.1981); *see also Sutton v. Atlantic Richfield Co.,* 646 F.2d 407, 309 (9th Cir.1981).

■ A section 1981 claimant must establish a prima facie case of "intentional racial discrimination." *See Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30,* 694 F.2d 531, 537 (9th Cir.1981). With respect to her first complaint, plaintiff attempted to establish a prima facie case by introducing a chart of the employees of Local 18. She argued to the district court and again in her brief to this court that the chart provides evidence from which intentional discrimination can be inferred. The basis of such an inference, according to plaintiff, is the fact that Local 18 employed only 14 people, one less than the minimum required for Title VII subject matter jurisdiction. The district court did not find the chart sufficient proof of a deliberate attempt by Local 18 to employ fewer than 15 persons. Hence the court found the evidence provided by the chart insufficient to support an inference of intentional discrimination. In addition, the district court's findings of fact and conclusions of law indicate that Local 18 established legitimate reasons for the discharge of plaintiff. Appellant does not show that these findings are clearly erroneous or that the conclusion is incorrect as a matter of law. *See Holden v. Commission Against Discrimination of Massachusetts,* 671 F.2d 30, 36–38 (1st Cir. 1982) (inability to perform job duties is a legitimate reason for dismissal), *cert. denied,* —— U.S. ——, 103 S.Ct. 97, 74 L.Ed.2d 88 (1982). The district court correctly dismissed appellant's section 1981 claim alleged in her first complaint against both Local 18 and the IBEW.[3]

■ The section 1981 claim set forth in plaintiff's second complaint, likewise, was properly dismissed under Rule 41(b). The findings of fact, which are not clearly erroneous, support the conclusion that plaintiff failed to present sufficient evidence to establish a prima facie case of intentional discrimination by either Local 18 or the IBEW in any of the proceedings against her.

■ Appellant also claims that her discharge as a business representative of Local 18 violated the provisions of the LMRDA, because the termination of her job constituted unlawful "discipline" under section 609, 29 U.S.C. § 529, in response to her exercise of rights protected by sections 101(a)(1) and (2), 29 U.S.C. §§ 411(a)(1), (2). It is undisputed, however, that even though appellant lost her job as a union business representative, she did not lose her membership in Local 18 nor were her membership rights affected by her termination

portion of admittance fees of members and monthly assessments and requires adherence by the Local Unions to the International's Constitution and rules, each local union operates autonomously, electing its own officers, hiring and firing its own employees, maintaining its own treasury, and conducting its day to day business. We do not find the requisite agency relationship.

**3.** While plaintiff joined the IBEW as a defendant to the § 1981 claim in her first complaint, she presented no evidence at trial from which a prima facie case of intentional racial discrimination by the IBEW could be inferred.

from the staff of Local 18. In *Finnegan v. Leu,* 456 U.S. 431, 102 S.Ct. 1867, 1872, 72 L.Ed.2d 239 (1982), the Supreme Court held "that removal from appointive union employment is not within the scope of those union sanctions explicitly prohibited by [29 U.S.C. § 529]." Thus, in this case, plaintiff's claim is not cognizable under the LMRDA.

 In her second complaint, appellant alleges a separate violation of the LMRDA as a result of the Union disciplinary proceedings against her in 1978. Section 609 of LMRDA does prevent a union member from being disciplined for engaging in activities protected by section 101(a) of the Act. *See* 29 U.S.C. § 411(a), 529. However, it is undisputed in this case that any discipline imposed by Local 18, even if improper, was set aside by the IBEW, and all union charges against appellant were dismissed. Thus there has been no "discipline" against appellant in violation of section 609.

Finally, appellant's second complaint alleged a conspiracy between Local 18 and the IBEW to deprive her of her civil rights in violation of 42 U.S.C. § 1985(2) and (3). The basis of plaintiff's section 1985 claim appears to be the conduct of disciplinary proceedings instituted against her by Local 18 in 1978. The district court concluded that "plaintiff failed to produce evidence establishing any conspiracy between ... Local 18 [and the] IBEW or any other person to deny her ... her Civil Rights ...." This conclusion is supported by the findings of fact and the evidence, particularly the evidence that the IBEW ordered the dismissal of all charges against appellant.

The district court's dismissal of appellant's sections 1981, 1985 and LMRDA claims is affirmed.

### III

Appellant argues that the district court should have allowed her to move for summary judgment six days before her case was scheduled for trial. Appellees argue that the district court was well within the bounds of its discretion in refusing to allow appellant's motion. This question need not be resolved because, in any event, the court also ruled that "there were material facts in question which would automatically prevent a disposition of the case on the basis of a motion for summary judgment." The record supports this ruling. This court may affirm the district court on any basis fairly presented by the record. *See Halet v. Wend Investment Co.,* 672 F.2d 1305, 1308 (9th Cir.1982). Accordingly, we affirm the district court's denial of appellant's motion for summary judgment.

Appellant also argues that it was improper for the district court to request appellees to submit proposed findings and conclusions and then adopt the proposed findings. While this practice has been criticized, and causes this court to scrutinize the record with heightened attention, it is not reversible error if the record supports the findings. *See, e.g., Norris Industries, Inc. v. Tappan Co.,* 599 F.2d 908, 909–10 (9th Cir.1979); *Zweig v. Hearst Corp.,* 594 F.2d 1261, 1263 n. 2 (9th Cir.1979).

AFFIRMED.