**Alan PERALES VARA, Plaintiff,**

v.

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 89, Laborers' International Union of North America, AFL–CIO, Defendants.**

**No. 86–0942–B(CM).**

United States District Court,
S.D. California.

May 13, 1987.

**493**

Theodore T. Green, Susan M. Sacks, Laborers' Intern. Union of North America, Washington, D.C., for defendants.

Linda Casey Mackey, Murfey, Griggs & Fredrick, La Jolla, Cal., for plaintiff.

Donald A. Hon, San Diego, Cal., for Local 89.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BREWSTER, District Judge.

The Complaint in this matter was filed on April 14, 1986, by Alan Perales Vara against Laborers' Local 89, San Diego, California (the "Local"). As a result of disciplinary charges tried within the Local, Perales Vara had been barred from attending union functions or holding office for seven years and fined $5,500.00. He alleged that he had not been given adequate notice of the internal union trial and that those serving on the Trial Board were biased against him in violation of § 101(a)(5) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(5). Jurisdiction was predicated on § 102 of the LMRDA, 29 U.S.C. § 412. Plaintiff prayed for declaratory and injunctive relief and sought punitive damages in the amount of $100,000.00.

On September 9, 1986, plaintiff filed his First Amended Complaint in which he added the Laborers' International Union of North America ("International Union") as a defendant. Perales Vara alleged that the International Union's appellate hearing, which considered his appeal from the Local Trial Board's decision, should not have been held until and unless the charges against him, which he alleged to have been impermissibly vague, were made more specific. He also alleged that neither the International Union nor the Local provided him notice that the International Union would hold a trial *de novo* on the charges under review.

Both the International Union and the Local have filed motions for summary judgment and for attorneys' fees under Rule 11, Fed.R.Civ.P. Both the International Union and the Local argue that Perales Vara prevailed on his internal union appeal and accordingly, that no discipline has been imposed; and further that the imposition of discipline is a prerequisite to a cause of action under § 101(a)(5). In support of the Rule 11 motion for fees, the International Union alleges that the plaintiff knew that no discipline had been imposed by the International Union and that the imposition of discipline was a prerequisite for the § 101(a)(5) cause of action alleged; and that plaintiff, nonetheless, persisted in maintaining this lawsuit.

## FINDINGS OF FACT

1. In October, 1985, internal union disciplinary charges were filed against Perales Vara alleging that he had violated various provisions of the Laborers' Uniform Local Union Constitution ("ULUC") in the months before June, 1984, during his tenure as Business Manager of Local Union 89. The Trial Board of the Local scheduled and conducted a hearing on the charges on October 15, 1985. The plaintiff was found guilty as charged, fined $5,500.00, and barred from attending Union functions or holding office for seven years.

2. The plaintiff alleges that he received no notice of the October 15 proceeding. Although the defendants do not concede the point, the plaintiff's allegation is supported by a letter from the Officer-In-Charge of the Chula Vista Post Office which states that through postal error the notice to plaintiff, which was dated October 5, was not placed in his postal box until October 15 and was not picked up until October 16.

3. By letter dated October 23, 1985, plaintiff appealed the Trial Board decision to the International Union. Pursuant to Article XII, Section 7 of the ULUC, plaintiff's appeal automatically stayed the decision and sentence of the Trial Board pending the International Union's resolution of the appeal.

4. During the period between October 15, 1985, when the Local rendered its judgment, and October 23, 1985, when plaintiff appealed the Local's judgment to the International Union, there were no union meetings nor were there any union functions in which plaintiff had intended to participate. Plaintiff was not prevented from attending any meetings or exercising any of the prerogatives of membership in the union by the Local's judgment.

5. By letter dated May 23, 1986, and before any hearing was conducted on plaintiff's October, 1985, appeal, the Local asked the International Union to hear the charges *de novo*. The Local represented that although it wanted "to hold a second Trial Board Hearing" (presumably to cure the notice problems alleged by Perales Vara), it feared that a second hearing would be subject to challenge. *Cf. Rosario v. Amalgamated Ladies Garment, Etc.*, 605 F.2d 1228, 1242–44 (2d Cir.1979) (members of first trial board may not serve on second trial board if retrial is granted by the union), *cert denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). This letter was not sent to the plaintiff.

6. A hearing was held before a Special Hearings Panel of the General Executive Board of the International Union on July 14, 1986. The charging party attended the July 14 hearing and presented evidence and testimony. Perales Vara was advised by counsel for the Local a few days before July 14 that the Local Union believed the hearing would consider the charges *de novo*. At the hearing Perales Vara complained that he had believed the hearing was to consider only his October 23, 1985, appeal concerning the alleged procedural defects in the October 15 Local Union Trial Board proceeding. He alleged that he would be prejudiced by the conduct of a *de novo* proceeding upon the merits of the charges against him. The Special Hearings Panel responded by giving the plaintiff an opportunity to submit by brief, affidavit, and documentary evidence a response to the case presented by the charging party after the close of hearing. Exercising this opportunity, the plaintiff in fact submitted additional materials to the Hearings Panel.

7. By letter dated December 4, 1986, the General Secretary-Treasurer of the International Union informed plaintiff that the International Union's General Executive Board had voted to take no action against him. The Hearings Panel had found that the plaintiff had indeed engaged in certain acts of misconduct, and it found that plaintiff was guilty of at least nine of the twelve charges which had been brought against him. It further found, however, that while the plaintiff's actions might originally have been a proper subject for discipline, the plaintiff had in fact lost his bid for reelection in June, 1984, and that it would serve no good or useful purpose to impose discipline in December, 1986, upon charges filed in October, 1985, for conduct occurring before June, 1984. Accordingly, the Panel recommended, and the full General Executive Board agreed, that no further action should be taken against the plaintiff.

8. By telephone conversation on December 19, 1986, counsel for the International Union asked plaintiff's counsel whether plaintiff intended to pursue the case against the International Union in light of the General Executive Board's decision. Plaintiff's counsel replied that plaintiff intended to proceed. Counsel for the International Union informed plaintiff's counsel that the International Union regarded the allegations that plaintiff had been "disciplined" within the meaning of § 101(a)(5) to be frivolous under the circumstances, and that the International Union would seek the attorneys' fees and costs incurred in defending this action. Plaintiff's counsel reiterated her intention to continue with the lawsuit.

## CONCLUSIONS OF LAW

■ 1. Section 101(a)(5) provides that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined" without enumerated due process protections. Plaintiff concedes that he was not fined, suspended, or expelled, but claims that he was "otherwise disciplined" within the meaning of the statute. Plaintiff asserts that the Hearings Panel's decision contains findings of fact which were critical of his conduct while he was Business Manager of the Local Union. He asserts that such findings, standing by themselves, constitute "discipline" within the meaning of § 101(a)(5).

2. The term "otherwise disciplined" as used in § 101(a)(5) "is to be read ..., by *noscitur a sociis,* as things in the general category of its predecessors," and not so broadly as to make the prior terms surplusage. *Turner v. Local 455, Boilermakers,* 755 F.2d 866, 870 (11th Cir.1985). To read "otherwise disciplined" to include unfavorable disciplinary findings standing alone, as plaintiff argues, would be to expand the application of § 101(a)(5) beyond actions in the nature of fines, suspensions, or expulsions. The protections of § 101(a)(5) were not intended to be read so expansively. To the contrary, "an implied or indirect reprimand or censure" is a "mere 'slap on the wrist'" which "cannot be raised to the level of a 'fine, suspension or expulsion' or an action of similar severity embraced by the 'otherwise discipline' proviso." *Rekant v. Shochtay-Gasos Local 466, Meatcutters,* 320 F.2d 271, 277 (3d Cir.1963). *Accord Bougie v. Carpenters,* 67 LRRM 2402 (N.D.Ind.1968).

3. "Discipline" was intended "to refer only to punitive actions diminishing membership rights." *Finnegan v. Leu,* 456 U.S. 431, 438, 102 S.Ct. 1867, 1871, 72 L.Ed.2d 239 (1982). The findings of fact in the Hearings Panel's decision did not diminish plaintiff's membership rights. On the contrary, the General Executive Board's decision protected all of Perales Vara's membership rights, including his right to participate in union affairs, to attend meetings, to vote, to nominate, and to run for office. Nor will the statute support the allegation that plaintiff was "otherwise disciplined" because of an indirect chill on the exercise of his political rights. The *Finnegan* Court specifically considered and rejected that claim. It held that Title I was not intended to protect against an indirect interference with membership rights except possibly in a narrow class of cases where the alleged discipline was "part of a purposeful and deliberate attempt to suppress dissent within the union." 456 U.S. at 440–41, 102 S.Ct. 1872–73. There is no allegation in the present case of any concerted campaign to suppress dissent within the Local. Perales Vara's allegations go only to his own situation.

4. The Ninth Circuit has held that there is no discipline for LMRDA purposes where a parent labor organization on appeal sets aside a disciplinary decision which had been imposed by a subordinate body, even assuming that the subordinate body's original determination was improper. *Childs v. Local 18, IBEW,* 719 F.2d 1379, 1384 (9th Cir.1983). The International Union's decision here to take no further action on the charges against the plaintiff is the legal equivalent of the decision by the parent organization in *Childs* to set aside the discipline imposed by the Local Union and to dismiss all charges.

5. Accordingly, plaintiff was not "fined, suspended, expelled or otherwise disciplined" within the meaning of § 101(a)(5). In the absence of any conduct on behalf of the defendant which might be found by the jury to meet this statutory prerequisite, there has been no violation of § 101(a)(5) even assuming, without deciding, that one or more of the due process protections appearing there was not provided to the plaintiff. Accordingly, summary judgment for both defendants is appropriate.

■ 6. The International's motion for Rule 11 sanctions is denied. It is clear that "discipline" within § 101(a)(5) requires a direct impairment to a membership right. Nonetheless, the Court believes that the unfavorable factual findings by the Hearings Panel may have injured plaintiff. Perales Vara was legally privileged to argue

in good faith for extension of existing law and to seek enlargement of the concept of "discipline" in § 101(a)(5) to cover this type of alleged injury. Even though the Court disagrees with that legal claim, Rule 11 was not intended to preclude litigants or counsel from asserting such new theories, particularly since there was no precedent in this Circuit rejecting the precise proposition that such unfavorable findings might constitute discipline.

7. For the foregoing reasons, summary judgment will be issued for defendant International Union and for defendant Local Union. The application for sanctions under Rule 11 will be denied.