Doris SWIFT, Plaintiff–Appellee,

v.

REALTY EXECUTIVES NEVADA'S CHOICE; Charles James, Defendants–Appellants,

and

Nevada's Choice, Inc., Defendant.

No. 04–17520.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006 *.

Filed Nov. 29, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ian E. Silverberg, Esq., Reno, NV, for Plaintiff–Appellee.

Robert C. Herman, Carson City, NV, Glynn Burroughs Cartledge, Esq., Law Offices of Glynn Burroughs Cartledge, Reno, NV, for Defendants–Appellants.

Before: CANBY, COX [**], and PAEZ, Circuit Judges.

### MEMORANDUM [***]

Doris Swift sued Realty Executives Nevada's Choice ("Realty Executives") for sexual harassment and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. Realty Executives moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that it was not Swift's "employer," as defined by the statute because: (1) it did not employ at least fifteen employees, and (2) Swift was not an employee but rather an independent contractor. *See* 42 U.S.C. § 2000e(b) (" 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . ."); 42 U.S.C. § 2000e(f) (" 'employee' means an individual employed by an employer. . . .").

The district court denied the motion, finding that there was sufficient evidence for the court to assert subject matter jurisdiction because Swift was an employee and Realty Executives employed at least fif-

---

[**] The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

teen employees. Thereafter, Swift amended her complaint and added Charles James, the owner of Realty Executives, as a defendant. The case proceeded to trial against both Defendants. The jury found for Swift on the sexual harassment claim but in favor of Defendants on the retaliation claim. Defendants now appeal the judgment against them, arguing that the district court erred in denying Realty Executives's motion to dismiss.

This circuit has, in the past, treated satisfaction of the "employer" definition in 42 U.S.C. § 2000e(b) as a prerequisite to subject matter jurisdiction. *See Childs v. Local 18, Int'l Bhd. of Elec. Workers,* 719 F.2d 1379, 1382–83 (9th Cir.1983). The Supreme Court recently held, however, that to the extent that definition requires fifteen employees, it is not a jurisdictional requirement but rather an element of the statutory cause of action. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006). Thus, the district court's denial of Realty Executives's motion to dismiss for want of subject matter jurisdiction based on its finding that there was sufficient evidence that Realty Executives had fifteen employees is not error.

*Arbaugh* would also seem to indicate that the status of a worker as an employee (rather than an independent contractor) is also an element of the cause of action. *See id.* (stating that section 2000e "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.") (citation omitted). If that question remains open, however, it is not of consequence here. We conclude that, in light of the evidence that Realty Executives controlled the most important aspects of Swift's performance of her work, even if the employee status of the worker is a jurisdictional requirement, the district court did not clearly err in finding that Swift was an employee. Thus, the district court did not err in denying the motion to dismiss.

AFFIRMED.