**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AMY BUCHANAN,
            *Plaintiff-Appellant*,

v.

WATKINS & LETOFSKY, LLP,
            *Defendant-Appellee.*

No. 21-15633

D.C. No.
2:19-cv-00226-
GMN-VCF

OPINION

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted February 14, 2022
San Francisco, California

Filed April 7, 2022

Before:  M. Margaret McKeown and William A. Fletcher,
Circuit Judges, and Kathryn H. Vratil,* District Judge.

Opinion by Judge Vratil

---

\* The Honorable Kathryn H. Vratil, United States District Judge for
the District of Kansas, sitting by designation.

**SUMMARY**[**]

**Americans with Disabilities Act**

The panel reversed the district court's summary judgment in favor of defendant Watkins & Letofsky, a Nevada limited liability partnership, in an action brought by Amy Buchanan alleging employment discrimination and retaliation under the Americans with Disabilities Act.

The district court concluded that the ADA did not apply to W&L Nevada because it had fewer than 15 employees. The panel held that because Title VII and the ADA include the same 15-employee threshold and statutory enforcement scheme, the integrated enterprise doctrine applicable in Title VII cases applies equally under the ADA. Under this doctrine, a plaintiff can bring a claim if she can establish that the defendant is so interconnected with another employer that the two form an integrated enterprise, and the integrated enterprise collectively has at least 15 employees.

Daniel Watkins and Brian Letofsky, who were licensed to practice in Nevada and California, owned and were the only partners of W&L Nevada. Likewise, they owned and were the only partners of Watkins & Letosfsky, a California limited liability partnership. Considering factors of interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control, the panel concluded that Buchanan established a genuine issue of material fact whether W&L's two offices were an integrated enterprise.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel reversed and remanded for the district court to consider in the first instance whether, even if W&L Nevada and W&L California were an integrated enterprise, they together had fewer than 15 employees.

## COUNSEL

James P. Kemp (argued), Kemp & Kemp, Los Angeles, California, for Plaintiff-Appellant.

Daniel R. Watkins (argued), Watkins & Letofsky LLP, Santa Ana, California, for Defendant-Appellee.

## OPINION

VRATIL, District Judge:

Amy Buchanan filed suit against Watkins & Letofsky, LLP, a Nevada limited liability partnership ("W&L Nevada") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and state law. The district court granted defendant's motion for summary judgment on plaintiff's discrimination and retaliation claims under the ADA, finding that the statute did not apply to W&L Nevada because it had fewer than 15 employees. The district court remanded plaintiff's remaining state law claims. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

## I.   Factual Background

Beginning in April of 2016, plaintiff worked as a full-time associate attorney at W&L Nevada. Daniel Watkins

and Brian Letofsky, who were licensed to practice in Nevada and California, owned and were the only partners of W&L Nevada. Likewise, they owned and were the only partners of Watkins & Letofsky, a California limited liability partnership ("W&L California").

In September of 2016, because of health concerns, plaintiff resigned her position at W&L Nevada. In December of 2016, plaintiff returned to work there. Plaintiff asserts that when she did so, W&L Nevada agreed to accommodate her medical conditions by reducing her expected commitment to 20 hours per week.[1] Plaintiff contends that despite this agreement, W&L Nevada required her to work more than 20 hours per week. In May of 2017, after plaintiff asked for time off to focus on her health, W&L Nevada placed her on an indefinite leave of absence.

## II. Procedural Background

In the District Court of Clark County, Nevada, plaintiff filed suit against W&L Nevada. W&L Nevada removed the case to federal court based on federal question jurisdiction. In her amended complaint, plaintiff brought discrimination and retaliation claims under the ADA, as well as state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, retaliatory discharge and unpaid wages.

On defendant's motion, the district court granted summary judgment for W&L Nevada on plaintiff's ADA claims. The district court held that as a matter of law, W&L

---

[1] Plaintiff alleges that she has serious medical conditions that substantially limit her performance in the major life activities of thinking, sleeping and working.

Nevada was not a covered employer under the ADA because (1) it had fewer than 15 employees and (2) plaintiff did not present sufficient evidence to create a genuine issue of material fact whether W&L Nevada was an "integrated enterprise" with W&L California.   The district court declined to exercise supplemental jurisdiction over plaintiff's state law claims and remanded them to state court.

Plaintiff appeals, arguing that the district court erred in granting summary judgment.

## III.    Analysis

We review de novo a district court's decision to grant summary judgment.  *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 918 (9th Cir. 2009).  Viewing the evidence in the light most favorable to the non-moving party, we determine whether any genuine issues of material fact exist and whether the district court correctly applied the substantive law.  *Id*. at 918–19.

### A.  Integrated Enterprise Test Under The ADA

The ADA applies to employers with 15 or more employees.  42 U.S.C § 12111(5)(A).  In interpreting the analogous 15-employee requirement in Title VII, 42 U.S.C. § 2000e(b), we have held that even when a defendant has fewer than 15 employees, a plaintiff can bring a statutory claim if she can establish that (1) defendant is "so interconnected with another employer that the two form an integrated enterprise" and (2) the integrated enterprise collectively has at least 15 employees.  *Anderson v. Pac. Maritime Ass'n*, 336 F.3d 924, 928–29 (9th Cir. 2003).  In the Title VII context, we consider the following four factors to determine whether two entities are an integrated enterprise:   "(1) interrelation of operations; (2) common

management; (3) centralized control of labor relations; and (4) common ownership or financial control." *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002) (quoting *Childs v. Local 18, Int'l Bhd. of Elec. Workers*, 719 F.2d 1379, 1382 (9th Cir. 1983)). We also apply the integrated enterprise test to the 20-employee threshold under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. *Herman v. United Bhd. of Carpenters & Joiners of Am., Loc. Union No. 971*, 60 F.3d 1375, 1383–85 (9th Cir. 1995) (citing *Childs*, 719 F.2d at 1382). We have not addressed whether the integrated enterprise test used in the Title VII context applies to the 15-employee threshold under the ADA.

"The statutory scheme and language of the ADA and Title VII are identical in many respects." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). The ADA and Title VII both define employers to include only those entities with "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." ADA, 42 U.S.C § 12111(5)(A); *see* Title VII, 42 U.S.C. § 2000e(b).[2] Likewise, Title I of the ADA incorporates "a remedial

---

[2] Both statutes also exclude from coverage certain entities such as the federal government and Indian tribes. *Compare* ADA, 42 U.S.C § 12111(5)(B) (excluding "(i) the United States, a corporation wholly owned by the government of the United States, or an Indian tribe; or (ii) a bona fide private membership club (other than a labor organization) that is exempt from taxation under section 501(c) of Title 26"), *with* Title VII, 42 U.S.C. § 2000e(b) (excluding "(1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26").

scheme that is identical to Title VII." *Walsh*, 471 F.3d at 1038; *see* ADA, 42 U.S.C. § 12117 (incorporating "[t]he powers, remedies, and procedures" set forth in Title VII, 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9). Finally, for purposes of determining whether an employer controls a corporation whose place of incorporation is a foreign country, both Title VII and the ADA direct that courts consider the same factors that we use under the integrated enterprise test, *i.e.* interrelation of operations; common management; centralized control of labor relations; and common ownership or financial control. *See* ADA, 42 U.S.C. § 12112(c)(2)(C); Title VII, 42 U.S.C. § 2000e-1(c)(3).

"[W]e have long analyzed anti-discrimination statutes like Title VII and the ADA in parallel fashion." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 858 (9th Cir. 2016). Because Title VII and the ADA include the same 15-employee threshold and statutory enforcement scheme, we hold that the integrated enterprise doctrine—as set forth in *Kang* and *Childs*—applies equally under the ADA. *See id*. at 858 n.9 ("[D]ue to the similarities in language and purpose between the two statutes, courts around the country—unless they find a good reason to do otherwise—generally use Title VII precedent to interpret ADA claims.").

**B.  Plaintiff Established A Genuine Issue Of Material Fact Whether W&L's Two Offices Were An Integrated Enterprise**

Next, we consider whether plaintiff presented a genuine issue of material fact whether W&L Nevada and W&L California were an integrated enterprise. As explained above, to determine whether two entities are so interconnected that they form an integrated enterprise, we consider the following factors: "(1) interrelation of

operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control." *Kang*, 296 F.3d at 815; *see Childs*, 719 F.2d at 1382 (citation omitted).

As to interrelation of operations, plaintiff presented evidence that the two W&L offices shared a website and toll free phone number, employees of both offices used the same email template footer which identified both offices, and both offices shared operational and administrative work, an IRS taxpayer identification number and an employee roster. Defendant does not dispute that Mr. Watkins and Mr. Letofsky are the only partners of W&L Nevada and W&L California and that they manage both offices. Plaintiff presented evidence from which a jury could infer that for both offices, Mr. Watkins and Mr. Letofsky managed all significant employment matters including hiring and firing of employees, employee discipline, performance evaluations, scheduling and compensation. Finally, the parties do not dispute that Mr. Watkins and Mr. Letofsky own both W&L Nevada and W&L California, which raises a clear inference of common financial control.[3]

Defendant did present some evidence that the Nevada and California offices were separate operations and maintained separate books. Viewing the evidence in the light most favorable to plaintiff, however, a jury could reasonably find that all four factors suggest an integrated enterprise. Accordingly, we reverse the district court's grant

---

[3] The fourth factor of the integrated enterprise test addresses whether a plaintiff presents evidence of either "common ownership or financial control," not necessarily both. *Kang*, 296 F.3d at 815. The district court erred in finding that plaintiff had to establish both. In any event, plaintiff presented adequate evidence for a reasonable jury to find common ownership and financial control.

of summary judgment for defendant on plaintiff's ADA claims.

## C.  Remand

In its motion for summary judgment, defendant argued that even if W&L Nevada and W&L California were an integrated enterprise, they together had fewer than 15 employees.  The district court did not address this argument.  We therefore remand so that the district court can consider this issue in the first instance.[4]

**REVERSED and REMANDED.**

---

[4] Buchanan requests that we instruct the district court that on remand, it should (1) give her the opportunity to address the issues raised in Mr. Watkins's declaration submitted with defendant's reply or (2) strike the declaration as a sham affidavit.  We leave it to the district court, in its discretion, to determine what evidence is properly included in the summary judgment record.