**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABIOLA ROUGH, | No. 22-35686 |
| Plaintiff-Appellant, | D.C. No. 9:21-cv-00056-KLD |
| v. | |
| GLAXOSMITHKLINE, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Submitted July 13, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and PAEZ, Circuit Judges.

Plaintiff Fabiola Rough brought this action against her former employer,

Defendant GlaxoSmithKlein, LLC, under the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12101–12213. The district court entered summary

judgment in favor of Defendant, and Plaintiff timely appeals. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and, on de novo review, <u>Buchanan v. Watkins & Letofsky, LLP</u>, 30 F.4th 874, 877 (9th Cir. 2022), affirm.

1. Plaintiff's first claim is that Defendant failed to accommodate her depression and anxiety because it did not transfer her to a position in which she would have <u>no contact</u> with a particular co-worker with whom she had a stressful relationship. Although Plaintiff argues on appeal that her requested accommodation was merely to be reassigned to a position that limited contact with the co-worker, her sworn deposition testimony and recommendations from her mental health care providers reflect that she sought reassignment to a position where she would have no contact at all. We assume, without deciding, that an accommodation of that kind can be reasonable in some situations. Nonetheless, we conclude that the requested accommodation was not reasonable here.

Defendant did place the two employees on different shifts, so that they would have only very minimal potential contact, when the plant operated two shifts. But when the plant changed to a single shift, that option was no longer available.[1] The ADA did not require Defendant to return to a two-shift schedule or to build a separate facility, because such an accommodation would have been an

---

[1] Although Defendant continued to provide Plaintiff with a limited-contact accommodation, those efforts proved unsuccessful, as Plaintiff went on another round of short-term disability leave shortly after the co-worker stared at her during a mandatory group training session in April 2019.

undue burden.  See 28 C.F.R. § 36.104 (defining "undue burden" and listing factors to be considered in the undue burden analysis).  Moreover, it is undisputed on this record that all employees are expected to collaborate and that, given the small size of the facility, some interaction among employees at the site is inevitable.  Thus, a transfer to another position at that facility would not have met Plaintiff's demand for no contact.  Plaintiff herself acknowledged that a no-contact arrangement would have been either difficult or impossible.

2.  Plaintiff's second claim is that she was forced to resign because Defendant failed to provide a reasonable accommodation that would have allowed her to return to work from short-term disability leave.  As noted above, we disagree with the premise of Plaintiff's argument; Defendant did not fail to provide a reasonable accommodation.  Further, Plaintiff's inference of a nexus between her disability and the termination of her employment is undermined by the fact that she resigned after accepting a job with another company at nearly twice the pay.  See Hutton v. Elf Atochem N. Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001) (requiring a showing that the plaintiff suffered an adverse employment action because of her disability).  Indeed, Plaintiff continued to collect disability benefits from Defendant for a short time even after she began work at her new place of employment.

**AFFIRMED.**

3