Andrea WANGLER, Plaintiff,

v.

HAWAIIAN ELECTRIC COMPANY, INC., Norman Okimoto and George Yasutome, Defendants.

Civ. No. 89–00998.

United States District Court, D. Hawaii.

May 9, 1990.

See also D.C., 742 F.Supp. 1465.

Mitchell J. Green, King & Green, San Francisco, Cal., David Robinson, Robinson Ferrara & Chur, Honolulu, Hawaii, for plaintiff.

Lisa Woods Munger, Barbara A. Petrus, Goodsill Anderson Quinn & Stifel, Jerry M. Hiatt, Bays Deaver Hiatt Kawachika Lezak & Kodani, Honolulu, Hawaii, for defendants.

ORDER DENYING DEFENDANTS NORMAN OKIMOTO AND GEORGE YASUTOME'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

DAVID A. EZRA, District Judge.

Defendants Norman Okimoto and George Yasutome's motion to dismiss and motion for summary judgment or for more definite statement came on for hearing on April 30, 1990. Mitchell J. Green, Esq. and David M. Robinson, Esq. appeared on behalf of the plaintiff; Jerry M. Hiatt, Esq. appeared on behalf of defendants Norman Okimoto and George Yasutome; and Lisa Munger, Esq. and Barbara Petrus, Esq.

appeared on behalf of defendant Hawaiian Electric Company, Inc.

The court, having considered the motions and the memoranda submitted in support thereof and in opposition thereto and having heard the oral arguments of counsel, DENIES defendants' motion to dismiss and for summary judgment and GRANTS in part and DENIES in part defendants' motion for a more definite statement.

## I. BACKGROUND

Plaintiff Andrea Wangler ("Wangler") has been employed as a chemist for defendant Hawaiian Electric Company, Inc. ("HECO") since 1982. This action arises out of the alleged sexual harassment and discrimination of Wangler during her employment at HECO.

Defendant Norman Okimoto ("Okimoto"), 61 years old, is the retired director of HECO's Chemistry Division. He retired from HECO in October, 1988. Plaintiff was hired by Okimoto in 1982, when he was acting as chief chemist. He allegedly supervised her work until 1986.

Defendant George Yasutome ("Yasutome"), 55 years old, is HECO's Senior Chemist. In 1982, Yasutome, then employed as a plant chemist, was responsible for training the plaintiff.

In 1985, plaintiff complained to HECO's internal Equal Employment Opportunity ("EEO") officer, Winona Machado, about defendant Yasutome. Plaintiff alleged that Yasutome was hostile to her and referred to her as "the broad." In response to plaintiff's complaint, Yasutome admitted referring to plaintiff as the "broad" and was cautioned not to refer to plaintiff in that manner in the future. No charges specifically referring to this incident were filed with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff went on medical leave from her job at HECO on August 3, 1988. She stated in an "Industrial Accident Report" dated August 11, 1988 that she suffered from "work related stress." She submitted a claim for workers' compensation benefits, describing her condition as "psychiatric" and asserting that it resulted from "sexual harassment by supervisor." Although plaintiff presently remains an employee of defendant HECO, she has not actually worked there since August, 1988.

On November 17, 1988, plaintiff filed a Charge of Discrimination with the EEOC. The charge named HECO as the respondent and stated as follows:

1. I was hired in 1980 as an independent contractor and later, in Spring 1982 as an employee: Station Chemist, then a Chemist II [sic].

2. I believe that I have been discriminated against on the basis of my sex and my race (Caucasian) in violation of Title VII of the Civil Rights Act of 1964, as amended. I was sexually harassed.

On February 15, 1989, plaintiff filed another Charge of Discrimination with the EEOC, again naming HECO as the respondent. In this charge, she alleged as follows:

I. In 1985, I complained to the EEO Officer of Hawaiian Electric Company about discrimination. Since that time, I have been subjected to continual harassment in retaliation for filing a complaint.

II. I believe that I have been discriminated against in retaliation for protesting discriminatory acts at the company;, [sic] in violation of Title VII of the Civil Rights Act of 1964 as amended.

Plaintiff did not specifically name defendants Yasutome or Okimoto in either of the charges filed with the EEOC. The EEOC did question Okimoto in 1988, after his retirement, with respect to one of the charges.

After receiving Right–to–Sue letters from the EEOC, plaintiff filed this Title VII action against HECO, Okimoto and Yasutome on December 27, 1989. Plaintiff alleges that defendant Okimoto sexually harassed her. In addition to her claims for sexual discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, plaintiff asserts state law based claims for assault, battery, intentional infliction of emotional distress and negligent infliction of emotional distress.

Defendants Okimoto and Yasutome now move to dismiss the complaint, asserting

that plaintiff's failure to name them in her EEOC charge precludes her Title VII action as a matter of law. In the alternative, defendants argue that summary judgment is warranted based on the record to date which indicates that plaintiff was represented by counsel during the filing of her EEOC charges, defendants never received notice of her charges and never became aware that they were being investigated for or could be subject to liability under Title VII.

Defendants also argue that they are entitled to summary judgment because plaintiff welcomed Okimoto's attention and because neither of the defendants had any involvement in evaluating or promoting plaintiff.

In opposition, plaintiff asserts that her claim is not precluded because she failed to individually name Okimoto and Yasutome in her EEOC charges, since their alleged conduct gave rise to the charges and can be inferred from her EEOC complaint. She also contends that she did not welcome Okimoto's attention and that material issues of fact remain with respect to the alleged discriminatory conduct of both defendants.

## II. DISCUSSION

### A. *Applicable Standard*

In considering dismissal under Fed.R. Civ.P. 12(b)(6), if the court receives and considers materials outside the pleadings the motion is converted to one for summary judgment under Fed.R.Civ.P. 56. Since the court has received and considered affidavits and other submissions outside of the pleadings, the court will consider defendants' motion as one for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir.1987), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party must show "the absence of a material and triable issue of fact," *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987). In determining whether a genuine issue of material fact exists, the court should draw inferences from the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir.1988).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support her legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on her pleadings, nor can she simply assert that she will be able to discredit the movant's evidence at trial. *See T.W. Electrical*, 809 F.2d at 630.

### B. *Failure to Comply with Title VII Naming Requirement*

Pursuant to 42 U.S.C. § 2000e–5(f)(1), a private Title VII action may be brought only "against the respondent named in the charge" previously lodged with the EEOC. Nevertheless, the Ninth Circuit Court of Appeals has held that EEOC charges should be liberally construed and, under certain circumstances, actions can be brought against unnamed parties. *Carter v. Smith Food King*, 765 F.2d 916, 924 (9th Cir.1985); *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346 (9th Cir.1984); *Kaplan v. Intern. Alliance of Theatrical and Stage Employees, etc.*, 525 F.2d 1354 (9th Cir.1975).

In *Kaplan,* the Ninth Circuit first held that failure to name a party in an EEOC complaint would not bar a subsequent civil action under Title VII. 525 F.2d at 1359. The court's rationale was that procedural exactness should not be required from "those unschooled in the technicalities of formal pleading." *Id.* The court stated as follows:

Since it is anticipated that lay persons will continue to initiate EEOC action without legal assistance, it is hypertechnical to insist on absolute compliance with formal pleading requirements.... The administrative charge required by Title VII does not demand procedural exactness. It is sufficient that the EEOC be apprised, in general terms, of the alleged discriminating parties and the alleged discriminatory acts.

*Id.*

In subsequent decisions, the Ninth Circuit has held that failure to name a party in an EEOC charge will not preclude a later Title VII action against such party if facts in the EEOC charge are alleged from which it could be inferred that the unnamed party violated Title VII. *Bernstein v. Aetna Life & Casualty,* 843 F.2d 359, 362 (9th Cir.1988) (suit against unnamed supervisor *not* barred where employee alleged in his EEOC charge that he was fired for failure to meet his probationary period requirements and supervisor conceded that he established the terms of his probation); *Bratton v. Bethlehem Steel Corp.,* 649 F.2d 658, 666 (9th Cir.1980) (in action against an employer and a union for racial discrimination, suit against union was barred where employees failed to name the union or allege facts from which it could be inferred that the union violated Title VII in their EEOC charges).

The Ninth Circuit has also stated that Title VII charges may be brought against persons not named in an EEOC complaint "as long as they were involved in the acts giving rise to the EEOC claims." *Wrighten,* 726 F.2d at 1352; *see also Chung v. Pomona Valley Community Hospital,* 667 F.2d 788, 792 (9th Cir.1982).

In a recent Ninth Circuit decision addressing this issue the court held as follows:

If a complainant neither names a defendant in her administrative charges, nor alleges facts implying that the defendant discriminated, a Title VII action against such defendant is premature at best.

*Stache v. International Union of Bricklayers,* 852 F.2d 1231, 1234 (9th Cir.1988). In *Stache,* the plaintiff asserted claims under Title VII against an international union and its local affiliate. Before the district court she claimed that the international union failed to aid her when it learned of the local union's discriminatory actions; however, she failed to charge the international union in her previous EEOC complaint. Although the court acknowledged that EEOC complaints should be construed liberally, it found that allowing the plaintiff to proceed against the unnamed union "would offend the underlying purpose of Title VII—to encourage informal conciliation and foster voluntary compliance." *Id.*

The *Stache* court also held that if an employee brings suit for incidents not listed in her prior EEOC charge, the district court may nonetheless hear the new Title VII claims if they are "like or reasonably related to the allegations of the EEOC charge." *Id.* "[I]f the two claims are not so closely related that a second administrative investigation would be redundant, the EEOC must be allowed to investigate the dispute before the employee may bring a Title VII suit." *Id.*

 It is clear that plaintiff's EEOC charges should be liberally construed. In reviewing the various broad tests articulated by the Ninth Circuit, this court cannot hold that plaintiff is precluded from bringing her Title VII action against defendants Okimoto and Yasutome because she failed to individually name them in her EEOC complaints.

Applying the standard set forth in the *Bratton* case, it might be "inferred" from plaintiff's EEOC charges that Okimoto or Yasutome violated Title VII. *See Bratton,* 649 F.2d at 666. Although HECO is a large company, the chemistry department of which Okimoto was the head is relatively small. Okimoto was the person responsible

for hiring plaintiff. Yasutome worked in the same department with plaintiff and supposedly was responsible for training her.

Alternatively, under the standard set forth in *Wrighten,* defendants Okimoto and Yasutome clearly may have been involved in the acts which gave rise to her EEOC charges. In *Wrighten,* the court held in that case that the plaintiff would be allowed to proceed against an unnamed party, Red Top, Inc., which had contracted with the named employer, Emanuel Hospital. 726 F.2d at 1352. The court found that the plaintiff's claims against the unnamed party were virtually identical to those against the named employer and the unnamed party could be sued "as long as they were involved in the acts giving rise to the EEOC claims." *Id.* As previously mentioned, both of the individual defendants worked in the same department with plaintiff, and allegedly had considerable contact with her at various times during her employment. It is their alleged conduct which comprises the core of her Title VII complaint against HECO.

Finally, under the *Stache* test, the conduct plaintiff complains of in her Title VII case is "reasonably related," if not the same conduct she complained of in her EEOC charge. 852 F.2d at 1234. Furthermore, this case is distinguishable from *Stache.* In *Stache,* the court did not permit plaintiff to proceed against an unnamed union and assert a completely new claim against it which was not the basis of her previous charge. In the instant case, the claims asserted against defendants Okimoto and Yasutome were, arguably, the basis of her previous EEOC charges for sexual harassment and retaliation.

The individual defendants argue that it is unfair to allow the Title VII complaint to stand, because they never received copies of the EEOC charges and did not know that they could be held individually liable under Title VII.

■ With respect to defendant Okimoto, he admittedly had considerable close contact with plaintiff during her employment. He was personally interviewed with respect to her EEOC charge. Although he expresses surprise about being named in her Title VII action, this surprise appears to be the result of a factual dispute concerning their relationship. The court does not find that the prejudice created by plaintiff's failure to name Okimoto in the EEOC complaint is so great as to prohibit her claim against him.

■ With respect to defendant Yasutome, he was informed that plaintiff had complained about his conduct to the HECO EEO officer as early as 1985. At that point, he was put on notice that plaintiff and HECO were concerned about his behavior toward her. Hence, the court is not persuaded that plaintiff's failure to name Yasutome creates such prejudice to preclude her Title VII claim against him.

Although the court does not look favorably on plaintiff's failure to name these individual defendants in her EEOC charges, in light of all the circumstances presented and the remedial nature of Title VII, the court finds that plaintiff's failure to do so will not preclude her from suing them under Title VII.

### C. *Plaintiff's Conduct Toward Okimoto*

■ Defendant Okimoto also asserts that summary judgment is warranted against plaintiff because she actively participated in a relationship with him and welcomed his attention. To support this contention he submits unrefuted evidence that, among other things, she baked birthday cakes for him, signed cards to him "Love, Andrea," and gave him a picture of herself in a belly dancing costume.

Clearly, there are serious factual questions remaining with respect to this issue. While the above evidence may be unrefuted, plaintiff clearly states that Okimoto forced himself upon her. She also submits a letter written to her by Okimoto wherein he states "... our relationship was never mutual. You looked to me for paternal love, whereas I desperately wanted you for my Lolita."

Considering all the evidence presented, plaintiff's behavior, as alleged by defendant, does not conclusively establish that

she welcomed his alleged advances. Considering the facts in the light most favorable to plaintiff, which the court must do at this stage in the proceedings, this court finds that there are material issues of fact which preclude summary judgment.

### D. *Career Influence and Retaliation*

■ Defendants also assert they are entitled to summary judgment because neither Okimoto nor Yasutome had any influence over plaintiff's career after 1986.

Plaintiff claims in opposition to defendants' motion that the individual defendants refused to give her assistance while she was a station chemist at the Waiau Power Plant in 1987 and 1988; that they contributed to a negative evaluation prepared by Ernest Nakanishi in 1987; and that Okimoto influenced promotion decisions concerning her. In support of these contentions, plaintiff presents her own affidavit testimony as well as the deposition testimony of Ernest Nakanishi.

Mr. Nakanishi indicates in his deposition that he requested input from defendant Yasutome in preparing plaintiff's 1987 performance evaluation and received negative comments from him regarding her performance. Mr. Nakanishi also states that he requested help from defendant Yasutome for the plaintiff at the Waiau plant, but Yasutome turned down his request.

It is clear, in considering the facts in the light most favorable to the plaintiff, that genuine issues of material fact exist with respect to plaintiff's allegations that defendants discriminated against her in not providing necessary assistance and in evaluating her performance.

Therefore, for the reasons set forth above, this court DENIES defendants Okimoto and Yasutome's motion for summary judgment on plaintiff's Title VII claim.

### E. *Motion for More Definite Statement*

Fed.R.Civ.P. 12(e) provides as follows: If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

■ If plaintiff's complaint meets the notice requirements of Fed.R.Civ.P. 8, and defendants are provided with a sufficient basis to respond, the proper avenue for eliciting additional detail is through discovery. *See Federal Savings and Loan Ins. Corp. v. Musacchio,* 695 F.Supp. 1053, 1060 (N.D.Cal.1988).

■ Plaintiff's complaint states four counts against the defendants HECO, Okimoto and Yasutome: (1) Violation of Title VII; (2) Assault and Battery; (3) Intentional Infliction of Emotional Distress; and (4) Negligent Infliction of Emotional Distress. Plaintiff's complaint also contains several factual allegations which include her being referred to as "a broad" and "a haole," and several specific allegations with respect to defendant Okimoto.

Defendants Okimoto and Yasutome seek details with respect to exactly what they allegedly did to plaintiff; how their alleged conduct proximately caused her damages; the dates that the alleged misconduct occurred; and how defendant Yasutome is involved in plaintiff's state law claims for assault, battery, and infliction of emotional distress.

With respect to defendant Okimoto, the court does not find plaintiff's complaint so vague or ambiguous that he is unable to formulate a response. The complaint states several facts and instances which link him directly to her claims for relief. The details of the allegations are more appropriately addressed through discovery, not a motion for more definite statement. *Id.*

■ The court does find, however, that defendant Yasutome cannot reasonably be required to respond to the complaint without additional information. Yasutome is not named in any of plaintiff's three state law claims and is mentioned only twice in her general allegations. *See* Plaintiff's Complaint ¶¶ 10 and 11. While it is inferred that he is included in plaintiff's Title VII claim, it is unclear whether he is also included in her state law counts.

Accordingly, the court GRANTS IN PART defendants' motion and orders that plaintiff provide a more definite statement with respect to whether defendant Yasutome is included in plaintiff's state law claims and the specific conduct which forms the basis for his inclusion in such claims.

The remainder of defendant's motion for a more definite statement is DENIED.

### F. *Plaintiff's Request for Rule 11 Sanctions*

In her opposition to defendants Okimoto and Yasutome's motion, plaintiff requests the court to sanction defendants under Fed. R.Civ.P. 11. Plaintiff asserts defendants incorrectly argue in their motion for summary judgment that no issues of material fact exist. Furthermore, plaintiff contends that these defendants filed their motion to harass the plaintiff in the prosecution of her suit.

Fed.R.Civ.P. 11 provides in part as follows:

> The signature of an attorney or party constitutes a certificate that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction....

Rule 11 addresses the problem of frivolous filings and the problem of misusing judicial procedures as a tool for harassment. *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir.1988); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986).

 A filing is frivolous under Rule 11 if it is unreasonable when viewed from the perspective of "a competent attorney admitted to practice before the district court." *Id.*

The court finds that Okimoto and Yasutome's motion was not frivolous. Although the court did not agree with defendants' argument with respect to the naming requirement, clearly it was not completely without merit or unreasonable. Defendants' position was arguable in light of the varying tests existing under Ninth Circuit law. Furthermore, the court finds no evidence that defendants brought this motion to harass the plaintiff or cause undue delay.

Accordingly, the court DENIES plaintiff's request for sanctions.

IT IS SO ORDERED.