**Cynthia NOWICK, Plaintiff,**

v.

**Dave GAMMELL; Adventure Resorts Realty, Inc., general partner in Mauna Loa Vacation Ownership, a partnership; Westpro Development, Inc., a limited partner in Mauna Loa Vacation Ownership; Kona Hawaiian Vacation Ownership, LLC; Shell Vacations Explorer, Inc.; and Fairfield Resorts, Inc., Defendants.**

**No. CIV.02–00833 ACK/KSC.**

United States District Court,
D. Hawai'i.

Aug. 24, 2004.

---

David F. Simons, The Law Offices of David F. Simons, Honolulu, HI, for Plaintiff.

Dennis W. King, William J. Deeley, Charles R. Prather, Deeley King & Pang, Nadine Y. Ando, David J. Minkin, Wendy F. Hanakahi, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI, for Defendants.

## *ORDER (1) GRANTING DEFENDANT WESTPRO DEVELOPMENT, INC.'S MOTION TO DISMISS AND (2) GRANTING DEFENDANT KONA HAWAIIAN VACATION OWNERSHIP LLC'S MOTION FOR SUMMARY JUDGMENT*

KAY, District Judge.

### *BACKGROUND*

The matters before this Court arise on a motion to dismiss[1] filed by Defendant

---

1. The Court initially notes that Defendant Westpro's Motion to Dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is technically untimely, because it

Westpro Development, Inc. ("Westpro") and a motion for summary judgment filed by Defendant Kona Hawaiian Vacation Ownership LLC ("KHVO") in Title VII lawsuit. The facts are largely undisputed, and the Court summarizes them as follows. Between January 1999 and June 4, 2000 Plaintiff was employed by Mauna Loa Vacation Ownership ("MLVO"),[2] a Hawaii Limited Partnership[3] that marketed time-

share interests in property.[4] During this time, Defendant Adventure Resorts Realty, Inc. ("Adventure Resorts")[5] was the general partner in MLVO, and Defendant Westpro[6] was the limited partner.[7]

Plaintiff asserts that between August 1999 and her termination in June 2000, she was sexually harassed by her co-worker, Defendant David Gammell. Plaintiff

was filed after Westpro answered the complaint. Wright & Miller, Fed. Prac. & Proc. § 1361 (2d ed. 1990 & Supp.2004) (Timing of Rule 12(b) Motions). However, for a number of reasons, the Court will still consider the motion as a 12(b)(6) motion, rather than construe it as 12(c) motion for judgment on the pleadings.

First, Defendant Westpro stated in its Answer, as its first defense, that "[t]he Complaint fails to state a claim against Defendants upon which relief can be granted." *Id.* (stating that "federal courts have allowed untimely motions if the defense has been previously included in the answer"). Second, F.R.C.P. 12(h)(2) "expressly preserves[, inter alia] the [12(b)(6) defense of failure to state a claim for relief] against waiver during the pleading, motion, discovery, and trial stages of the action." Wright & Miller, Fed. Prac. & Proc. § 1392 (2d ed. 1990 & Supp.2004) (Rule 12(h)(2)). Third, if a 12(b)(6) defense is raised in a 12(c) motion, the district court should "apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought *prior to the defendant's* answer." Wright & Miller, Fed. Prac. & Proc. § 1367 (2d ed. 1990 & Supp.2004) (Judgment on the Pleadings—In General) (explaining that "[t]he mere fact that these procedural defects are raised in the guise of a Rule 12(c) motion should not affect the manner by which [a] court determines what essentially are Rule 12(b) matters").

2. Plaintiff does not name MLVO as a defendant in this case.

3. The Court notes that the parties occasionally incorrectly refer to *MLVO* as a limited liability company.

4. On July 22, 2002, MLVO sold its time share inventory. Although Plaintiff asserts in her Second Amended Complaint that Defendant

Shell Vacations Explorer, Inc. ("Shell Vacations") purchased the MLVO inventory, Defendants Adventure Resorts and Westpro assert that Defendant Fairfield Resorts, Inc. ("Fairfield") purchased the MLVO inventory. The Court notes that this discrepancy is not germane to the pending motions, and therefore does not create a genuine issue of material fact.

5. Adventure Resorts is a Hawaii corporation, owned entirely by John R. Stevens. Its officers are John R. Stevens (President), Ron L. Stevens (Vice–President), and Brenda L. LeClair (Secretary/Treasurer). Adventure Resorts is controlled by John R. Stevens as CEO, Alan Dickler as COO, and Steve Dickson as Broker.

6. Westpro is a Nevada corporation, owned by John R. Stevens (97%) and Ron L. Stevens (3%). Its officers are Alan Dickler (President), Ron L. Stevens (Vice–President), and Brenda L. LeClair (Secretary/Treasurer). Westpro is controlled by John R. Stevens as Chairman, Alan Dickler, and Ron L. Stevens.

7. MLVO filed its Certificate of Limited Partnership with the Hawaii Department of Commerce and Consumer Affairs ("DCCA") on November 30, 1995, which listed Mauna Loa Enterprises as general partner and Woodbine Investors, Inc. as limited partner. *See* (Exh. "A" to Defendant Westpro's Motion to Dismiss).

On September 26, 1997, MLVO filed a Certificate of Limited Partnership with the DCCA, which changed the general partner to Mauna Loa Village Resort, Inc., and changed the limited partner to Westpro Development, Inc. *See* (Exh. "B" to Defendant Westpro's Motion to Dismiss).

At some later time, the general partner was changed to Adventure Resorts Realty, Inc.

states that although she felt frightened, and the harassment severely interfered with her job performance, her supervisors refused to intervene, despite her repeated requests for assistance. She asserts that in early June 2000, she "blew her top" at Linda Beauchamp, one of her supervisors, with whom she had a number of discussions regarding Defendant Gammell's behavior. Plaintiff alleges that after she had an argument with a co-worker on June 4, 2000, she was terminated by Beauchamp, even though her co-worker was not.[8]

On November, 20, 2001, Plaintiff filed a charge of discrimination with the Hawaii Civil Rights Commission ("HCRC") and Equal Employment Opportunity Commission ("EEOC"). In her HCRC/EEOC Complaint, which was filed only against MLVO, Plaintiff asserted that she was subjected to intolerable sexual harassment and "retaliation harassment," and that no corrective action was taken, even though her supervisors were aware of the harassment. She further asserted that she was terminated by her supervisor Linda Beau-

champ on June 4, 2000 for "misconduct and use of profanity," even though she was not the one yelling or using profanity and was the only one fired.

After receiving her Notice of Right to Sue dated November 11, 2002, Plaintiff filed a Complaint in this Court on December 27, 2002. She named the following as defendants: (1) Dave Gammell; (2) Adventure Resorts; (3) Westpro; (4) Shell Vacations Explorer, Inc. ("Shell Vacations");[9] and (5) Fairfield,[10] and asserted the following claims: (1) Hostile Work Environment;[11] (2) Retaliation;[12] (3) Negligent Supervision;[13] (4) Negligent Corrective Response;[14] (5) Battery;[15] and (6) Punitive Damages. Plaintiff subsequently added KHVO[16] as a defendant in her Second Amended Complaint that was filed on November 7, 2003.

Defendants Adventure Resorts and Westpro filed their Second Amended Answer on March 15, 2004. Defendant KHVO filed its Answer on December 19, 2003, along with its Cross–Claim against

---

8. Plaintiff claims that Defendant Gammell's harassment continued after her termination, and that she was forced to obtain a temporary restraining order against him.

9. Plaintiff has not served Shell Vacations.

10. Plaintiff has not served Fairfield.

11. Plaintiff asserts her hostile work environment claim under both Title VII and H.R.S. § 378–2 against all Defendants except Defendant Gammell.

12. Plaintiff asserts her retaliation claim under both Title VII and H.R.S. § 378–2 against all Defendants except Defendant Gammell.

13. Plaintiff asserts her state law claim of negligent supervision against all Defendants except Defendant Gammell.

14. Plaintiff asserts her negligent corrective response claim against all Defendants except Defendant Gammell. As discussed *infra*, this

claim actually comprises an essential element of her hostile work environment claim under Title VII and H.R.S. § 378–2. Furthermore, Hawaii courts have not recognized it as a separate cause of action.

15. Plaintiff asserts her state law battery claim only against Defendant Gammell.

16. KHVO is a Limited Liability Corporation that was formed on December 20, 1999. Its original members were Mauna Loa Resorts, Inc. (a Montana corporation), and Defendant Westpro (a Nevada corporation).

At some time between December 20, 1999 and February 22, 2001, Mauna Loa Resorts, Inc. was replaced by Defendant Adventure Resorts (a Hawaii corporation), who was then listed as KHVO's managing member.

On July 25, 2002, Defendants Adventure Resorts and Westpro sold their interest in KHVO to Defendant Fairfield (a Delaware corporation).

Defendants Adventure Resorts and West-pro.

Defendant Westpro filed its pending Motion to Dismiss on March 29, 2004, and Defendant KHVO filed its Motion for Summary Judgment on May 10, 2004.[17] Plaintiff filed her Oppositions to both motions on July 29, 2004.[18] Defendants Westpro and KHVO each filed their Reply on August 5, 2004.

### STANDARD

#### I. Motion to Dismiss

In reviewing a motion to dismiss, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978). The Court must therefore determine whether it appears to a certainty under existing law that no relief can be granted under the set of facts pleaded in support of plaintiff's claims. *E.g., id.*

Dismissal is appropriate if the complaint (1) fails to state a cognizable legal theory or (2) fails to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

The Court will accept a plaintiff's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini*, 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986). Accordingly, the complaint must stand unless it appears beyond doubt that a plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Balistreri*, 901 F.2d at 699.

The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Nor will the Court "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated Gen. Contrs. of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

■ Where the district court goes beyond the pleadings to resolve an issue, the motion properly is treated as one for summary judgment.[19] Fed.R.Civ.P. 12(b); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989).

---

17. Although the motions were originally consolidated for hearing on June 14, 2004, the motions were continued until August 16, 2004 because of the suspension of Plaintiff's then-attorney.

18. Defendant KHVO filed its Statement of No Position as to Defendant Westpro's Motion to Dismiss on July 29, 2004; Defendant Westpro filed its Statement of No Position as to Defendant KHVO's Motion for Summary Judgment on August 2, 2004.

19. The Court confined its factual investigation to the allegations stated in the Second Amended Complaint and, therefore does not convert Defendant Westpro's motion into a

motion for summary judgment. *See, e.g., Kearns v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir.1996).

Although Defendant Westpro attached copies of its Certificate of Limited Partnership filed November 30, 1985 and Certificate of Amendment of Limited Partnership filed September 27, 1997 to its Motion to Dismiss, the Court need not rely on this evidence, as Plaintiff acknowledged in the caption of her Second Amended Complaint that Defendant Adventure Resorts is general partner in MLVO and Defendant Westpro is a limited partner in MLVO. Moreover, even if the Court were to consider this evidence, "[f]ederal courts are permitted to refer to matters of public record

## II. *Motion for Summary Judgment*

■ The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[20] Fed. R.Civ.P. 56(c).

■ "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A genuine issue of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[21] *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 310 F.3d 1188, 1194 (9th Cir.2002) (quoting *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1523 (9th Cir.1994)) (internal citations omitted). Conversely, where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

The moving party has the burden of persuading the Court as to the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The moving party may do so with affirmative evidence or by " 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the nonmoving party. *See, e.g., T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987). So, too, the Court's role is not to make credibility assessments. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied. *Id.* at 250–51, 106 S.Ct. 2505.

■ Once the moving party satisfies its burden, however, the nonmoving party

---

when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir.1995) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)).

The Court further notes that although Plaintiff referenced and incorporated portions of her Concise Statement of Facts filed with her Opposition to Defendant KHVO's Motion for Summary Judgment, her counsel represented at the hearing that this was done to show an example of facts which show she is entitled to proceed. The Court does not rely on Plaintiff's CSF in deciding Defendant Westpro's Motion to dismiss, and therefore finds that converting the Motion to Dismiss into a Motion for Summary Judgment is not warranted. *E.g., Davis*, 70 F.3d at 372 n. 3 (citing *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir.1980)). In any event, the facts

set forth in the CSF do not appear to show that Plaintiff is entitled to proceed. Moreover, at the hearing, counsel for Plaintiff requested that the Court not convert Westpro's motion to dismiss in to a summary judgment motion.

20. Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence. Fed.R.Civ.P. 56(e). Legal memoranda and oral argument are not evidence and do not create issues of fact. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978).

21. Disputes as to immaterial issues of fact do "not preclude summary judgment." *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1478 (9th Cir.1986).

cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec.*, 475 U.S. at 586, 106 S.Ct. 1348; *Cal. Arch. Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002); *see also T.W. Elec. Serv.*, 809 F.2d at 630. The nonmoving party must instead set forth "significant probative evidence" in support. *T.W. Elec. Serv.*, 809 F.2d at 630. Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.[22] *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

## DISCUSSION

### I. Defendant Westpro's Motion to Dismiss [23]

█ Defendant Westpro asks the Court to dismiss Plaintiff's claims against it because Westpro is a limited partner in MLVO, Plaintiff's employer, and therefore cannot be held liable to Plaintiff.

During the time of Plaintiff's employment with MLVO, Hawaii Revised Statutes ("H.R.S.") § 425D–303(a)[24] provided that

> Except as provided in subsection (d),[25] a limited partner is not liable for the obligations of a limited partnership unless the limited partner is also a general partner or, in addition to the exercise of the limited partner's rights and powers as a limited partner, the limited partner participates in the control of the business. However, if the limited partner participates in the control of the business, the limited partner is liable only to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner.

In her Second Amended Complaint, Plaintiff does not allege that Defendant Westpro "participate[d] in the control of [MLVO]," and thus does not overcome Westpro's protection from responsibility for obligations incurred by MLVO set forth under H.R.S. § 425D–303. However, in her Opposition to Defendant Westpro's motion to dismiss, Plaintiff asserts that two legal bases exist upon which De-

22. When the moving party also has the burden of proof in an element of a claim, it has the "burden of establishing a prima facie case on the motion for summary judgment." *UA Local 343 of the United Ass'n of Journeymen & Apprentices v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir.1994). Upon showing a prima facie case, it becomes "incumbent on [the nonmoving party] to 'set forth specific facts showing that there is a genuine issue for trial,' by evidence cognizable under that rule." *Id.* (quoting Fed.R.Civ.P. 56(e)).

23. The Court again notes that it did not convert Westpro's motion to dismiss into a motion for summary judgment. *See supra* note 19.

24. H.R.S. § 425D–303 was repealed and replaced by § 425E–303 as of July 1, 2004.

25. The Court notes that this exception is inapplicable to the facts of the present case, as H.R.S. § 425D–303(d) provides that:

> A limited partner who knowingly permits the limited partner's name to be used in the name of the limited partnership, except under circumstances permitted by section 425D–102, is liable to creditors who extend credit to the limited partnership without actual knowledge that the limited partner is not a general partner.

fendant Westpro may be liable, notwithstanding its status as limited partner.

▇▇▇▇ First, Plaintiff argues that Westpro formed part of an "integrated enterprise" with her employer, MLVO, and must therefore be considered her joint employer and accordingly is subject to liability under Title VII. Although the Ninth Circuit "adopted [the] four-part [integrated enterprise] test [26] to determine whether two employing entities constitute a single employer for purposes of Title VII," *Herman v. United Bhd. of Carpenters & Joiners of Am.*, 60 F.3d 1375, 1383 (9th Cir. 1995) (citing *Childs v. Elec. Workers*, 719

F.2d 1379, 1382 (9th Cir.1983)), "[t]he test does not determine joint *liability* ..., but instead determines whether a defendant *can meet the statutory criteria* of an "employer" for Title VII applicability." [27] *Anderson v. Pac. Maritime Ass'n*, 336 F.3d 924, 928–29 (9th Cir.2003). Here, there is no question that MLVO, Plaintiff's direct employer, qualified as an employer under Title VII. *See* (Second Amended Complaint ¶ 9) (stating that her shift had approximately fifty persons). Thus, the integrated enterprise test is not applicable in this case.[28] *E.g., Anderson*, 336 F.3d at 929.

**26.** A court applying this test must examine the following four factors: " '(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control.' " *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir.2002) (quoting *Childs v. Local 18, Int'l Bhd. of Elec. Workers*, 719 F.2d 1379, 1382 (9th Cir.1983)). "The third factor, centralized control of labor relations, is the 'most critical.' " *Id.* (citing *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir.1999); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir.1995); *Childs*, 719 F.2d at 1382).

**27.** The Ninth Circuit explained that Title VII applies to an employer only if that employer employs 15 or more employees. A plaintiff with an *otherwise cognizable Title VII claim* against an employer with less than 15 employees may assert that the employer is so interconnected with another employer that the two form an integrated enterprise, and that collectively this enterprise meets the 15–employee minimum standard. We use the integrated enterprise test to determine the magnitude of interconnectivity *for determining statutory coverage.*

*Anderson v. Pac. Maritime Ass'n*, 336 F.3d 924, 928–29 (9th Cir.2003) (citations omitted) (emphasis added) (citing 42 U.S.C. § 2000e(b); *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 441 n. 1, 123 S.Ct. 1673, 1676 n. 1, 155 L.Ed.2d 615 (2003); *Kang*, 296 F.3d at 815–16; *Herman*, 60 F.3d at 1383; *Childs*, 719 F.2d at 1382).

**28.** Although other Circuits have used the integrated enterprise test to establish the liability of a parent company for a subsidiary's violation of Title VII, *e.g., Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999), the Ninth Circuit has not done so, and the Court declines to extend the application of the test here.

Furthermore, "[i]n the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary." *Watson v. Gulf & W. Indus.*, 650 F.2d 990 (9th Cir.1981) (citing *Hassell v. Harmon Foods, Inc.*, 336 F.Supp. 432 (W.D.Tenn.1971), *aff'd* 454 F.2d 199 (6th Cir.1972); *Lottice v. Ingersoll–Rand Co.*, 14 Fair Empl. Prac. Cas. 708 (N.D.Cal.1977)), *quoted in Ass'n of Mexican–Am. Educators ("AMAE") v. California*, 231 F.3d 572, 582 (9th Cir.2000); *see also United States v. Bestfoods*, 524 U.S. 51, 69–70, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998) (explaining, in a CERCLA case, that "[i]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts" (citing *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 57 (2d Cir.1988); *Kingston Dry Dock Co. v. Lake Champlain Transp. Co.*, 31 F.2d 265, 267 (2d Cir.1929); Henn & Alexander, Laws of Corporations 355 (3d ed.1983))), *quoted in Doe v. Unocal Corp.*, 248 F.3d 915, 925–26 (9th Cir.2001). Here, similarly to *Watson*, Plaintiff does not assert in her Second Amended Complaint that "[Westpro] participated in or influenced the employment policies of [MLVO], or [that Westpro and Adventure Resorts] had undercapitalized [MLVO] in

Furthermore, Plaintiff does not assert in her Second Amended Complaint that Westpro was the entity that performed the discriminatory acts alleged, and does not assert that Westpro controlled the workplace where the alleged acts occurred. The Court therefore finds it inappropriate to apply the doctrine articulated in *Sibley Mem. Hosp. v. Wilson*, 488 F.2d 1338 (D.C.Cir.1973), and its Ninth Circuit progeny, which "extended Title VII coverage to indirect employers when those employers discriminated against and interfered with the employees' relationship with their employers." *Anderson*, 336 F.3d at 931.

■■■ Second, Plaintiff argues that Defendant Westpro may be liable under H.R.S. 378–2(3) for "advising" MLVO on the decision to terminate Plaintiff's employment.[29] *See* (Plaintiff's Opposition to Defendant Westpro's Motion (citing *Schefke v. Reliable Collection Agency. Ltd.*, 96 Hawai'i 408, 32 P.3d 52, 85–86 (2001))). However, Plaintiff does not assert in her Second Amended Complaint that Westpro exerted any control over MLVO in contravention of its status as limited partner. Furthermore, Plaintiff does not allege in her Second Amended Complaint that John Stevens, Ron Stevens, Brenda LeClair, or Alan Dickler, Adventure Resorts's officers and directors, actually advised or made the decision to terminate Plaintiff, and does not allege in her Second Amended Complaint that they acted in their capacity as officers and directors of Westpro. Morever, even assuming that the officers and directors made the decision to terminate Plaintiff, they "cannot 'be liable for aiding and abetting

[themselves].' " *White v. Pac. Media Group*, 322 F.Supp.2d 1101, 1115 (D.Haw. 2004) (quoting *Mukaida v. Hawaii*, 159 F.Supp.2d 1211, 1240 (D.Haw.2001)). Thus Plaintiff does not allege sufficient facts in her Second Amended Complaint that would establish Defendant Westpro's liability under H.R.S. § 378–2(3).

Accordingly, viewing the pleadings in the light most favorable to Plaintiff, the Court finds that her Second Amended Complaint fails to either state a cognizable legal theory or allege sufficient facts under a cognizable legal theory that would circumvent Westpro's protection under H.R.S. § 425D–303 against liability as a limited partner in MLVO. The Court therefore GRANTS Defendant Westpro's Motion to Dismiss.

## II. *Defendant KHVO's Motion for Summary Judgment*

Defendant KHVO requests the Court to grant its motion for summary judgment as to Plaintiff's Title VII claims because she did not name KHVO in her EEOC/HCRC charge and therefore failed to exhaust her administrative remedies, and KHVO was not Plaintiff's employer and therefore cannot be liable for Plaintiff's claims. Plaintiff counters that it was unnecessary for her to name KHVO in her EEOC/HCRC charge, and genuine issues of fact exist as to whether KHVO was Plaintiff's joint employer with MLVO.

### A. *Title VII Claims (Hostile Work Environment, Retaliation)*

■■■ Plaintiff did not name KHVO in her EEOC/HCRC charge that she filed

---

a way that defeated potential recovery by a Title VII plaintiff." *Watson*, 650 F.2d at 993; *AMAE*, 231 F.3d at 582 (quoting *Watson*, 650 F.2d at 993). Thus, Plaintiff does not allege any special circumstances in her Second Amended Complaint that would allow attribution of MLVO's alleged liability under Title VII to Westpro.

**29.** H.R.S. § 378–2(3) prohibits "any person whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so."

on November 20, 2000. Generally, Title VII claimants "may only sue [parties] named in the EEOC charge because only those [parties] named had an opportunity to respond to the charges during the administrative proceedings." *Sosa v. Hiraoka,* 920 F.2d 1451, 1458 (9th Cir.1990). However, the Ninth Circuit has recognized a number of exceptions to the general rule that could apply to the present case.[30]

 First, Title VII claims may be brought in a lawsuit against persons not named in an EEOC complaint "as long as they were involved in the acts giving rise to the EEOC claims." *Wrighten v. Metro. Hosp., Inc.,* 726 F.2d 1346, 1352 (9th Cir. 1984); *Chung,* 667 F.2d 788, 792 (9th Cir. 1982). Plaintiff does not allege or bring forth evidence that KHVO was directly involved with her harassment claim or her retaliation claim. Moreover, even though Adventure Resorts and Westpro were the sole members of both KHVO and MLVO, KHVO is a legal entity distinct from its members. Haw.Rev.Stat. § 428–201. The Court therefore finds this exception inapplicable.

 Second, a Title VII claimant may also sue an unnamed party if "facts in the EEOC charge are alleged from which it could be inferred that the unnamed party violated Title VII." *Wangler v. Haw. Elec. Co.,* 742 F.Supp. 1458, 1462 (D.Hawai'i 1990) (citing *Bernstein v. Aetna Life & Casualty,* 843 F.2d 359, 362 (9th Cir. 1988)); *Bratton v. Bethlehem Steel Corp.,* 649 F.2d 658, 666 (9th Cir.1980). Plaintiff's EEOC charge does not mention KHVO, or even hint that KHVO is involved in the underlying facts, but rather asserts that she was sexually harassed at work by Dave Gammell and retaliated against by her supervisor, Linda Beauchamp, who were both employees of MLVO. Thus, Plaintiff does not allege facts in her EEOC charge from which it can be inferred that KHVO violated Title VII, and the Court accordingly finds that this exception does not apply.

 Third, "if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' suit may proceed against the unnamed party." *Sosa,* 920 F.2d at 1460 (quoting 2 A. Larson, Employment Discrimination § 49.11(c)(2)). Here, the Notice of Charge of Discrimination was addressed to Ms. Edye Morehouse, Director of Human Resources at MLVO. Plaintiff does not bring forth evidence that either Ms. Morehouse or MLVO was a principal or agent of KHVO. Furthermore, the circumstances under which the Ninth Circuit has applied the "substantially identical" exception are not analogous to those here. As the Ninth Circuit explained in *Sosa v. Hiraoka:*

> [W]e have previously applied the exception for "substantially" identical" parties when in *Chung* we permitted suit against doctors not named in the EEOC charge and whose only apparent role in the denial of promotions was as directors of the hospital named in the charge. *See Chung,* 667 F.2d at 790, 792; *see also Kaplan v. Int'l Alliance of Theatrical & Stage Employees & Motion Picture Machine Operators,* 525 F.2d [1354,] 1359 [ (9th Cir.1975) ] (international union was subject to Title VII suit where EEOC charge identified only the union local as a respondent). In Sosa's case, the trustees govern the Dis-

---

**30.** Although Plaintiff argues that the Court should apply the "identity of interest" test used by the Second Circuit in determining whether a Title VII suit may proceed against unnamed defendants, *e.g., Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235 (2d Cir.1995); *Johnson v. Palma,* 931 F.2d 203 (2d Cir.1991), the Ninth Circuit has not adopted this test, and the Court declines to apply it here.

trict, the entity Sosa named as respondent in his EEOC charge, just as the director-doctors governed the hospital named as respondent in Chung's EEOC charge. *See* Cal. Educ.Code. § 72200. Therefore the trustees and the District could well be "substantially identical parties," thus exposing the trustees to Sosa's court action. The district court therefore erred in dismissing Sosa's claims against the individually-named trustees.

920 F.2d at 1459–60. Plaintiff does not bring forth evidence that KHVO governed the operations of MLVO, and thus does not establish that the Court should apply the "substantially identical" exception to this case.

▮ Fourth, "if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, the suit may proceed against the unnamed party." *Id.* (citing 2 A. Larson at § 49.11(c)(2)). However, KHVO did not participate in the EEOC proceedings. As discussed *supra*, even though Adventure Resorts and Westpro were the sole members of both KHVO and MLVO, KHVO is a separate legal entity from its members. Thus, this exception does not apply to this case.

▮ Fifth, "where the EEOC or the [previously unnamed] defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." *Sosa*, 920 F.2d at 1459 (quoting

*Chung v. Pomona Valley Community Hosp.*, 667 F.2d 788, 792 (9th Cir.1982)). As discussed *supra*, none of the other exceptions apply to this case. Furthermore, Plaintiff does not establish a direct or indirect employment relationship with KHVO.[31] Even though Plaintiff asserts that she provided telemarketing services for KHVO during the time of the alleged harassment, she does not bring forth any evidence of the primary factor in determining whether an employment relationship exists—"the extent of [KHVO's] right to control the means and manner of the worker's performance." *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1293 (9th Cir. 1999) (citing *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir.1980)). She does not assert or bring forth evidence that KHVO discriminated against her and interfered with her employment relationship with MLVO, *see Anderson*, 336 F.3d at 931, and does not bring forth any evidence[32] that establishes any special circumstances that would allow attribution of MLVO's alleged liability under Title VII to KHVO. *Cf. supra* note 28 (discussing the attribution of MLVO's alleged liability to Defendant Westpro). The Court accordingly finds that neither the EEOC nor KHVO should have anticipated that Plaintiff would name KHVO in a Title VII lawsuit and therefore finds this exception inapplicable.

Thus, viewing the facts in the light most favorable to Plaintiff, the Court finds that none of the exceptions enumerated by the Ninth Circuit applies to the present case. Moreover, as discussed *supra*, Plaintiff

---

**31.** As discussed with respect to Defendant Westpro, the integrated enterprise test does not apply here. *See supra* Discussion Section I.

**32.** Although Plaintiff asserts in her Answers to Defendant KHVO's First Interrogatories that "I was doing telesales for [KHVO]," and that "[t]here was an obvious connection between

MLVO and KHVO," uncorroborated allegations and self-serving testimony do not suffice to create a genuine issue of material fact. *Villiarimo*, 281 F.3d at 1061; *T.W. Elec. Serv.*, 809 F.2d at 630. The Court further reiterates that legal memoranda and oral argument are not evidence and do not create issues of fact. *British Airways Bd.*, 585 F.2d 946.

does not show the existence of a direct or indirect employment relationship with Defendant KHVO and thus cannot establish that Title VII even applies to KHVO in this case. *E.g.*, *Adcock,* 166 F.3d at 1292 (quoting *Lutcher,* 633 F.2d at 883) (citing *Baker v. McNeil Island Corr. Ctr.,* 859 F.2d 124, 127 (9th Cir.1988)). The Court accordingly finds that no genuine issues of material fact exist, and that Defendant is entitled to judgment as a matter of law that (1) Plaintiff failed to exhaust her administrative remedies against KHVO and is thus barred from bringing her Title VII claims against KHVO; and (2) Plaintiff does not establish the applicability of Title VII to KHVO in the instant matter. The Court therefore GRANTS Defendant KHVO's Motion for Summary Judgment as to Plaintiff's Title VII claims.

### B. State Law Claims (Hostile Work Environment, Retaliation, Negligent Supervision, Negligent Corrective Response) [33]

 Plaintiff also raises a number of state law claims against Defendant KHVO, which include claims based on H.R.S. ch. 378, which corresponds to Title VII, and claims based on negligence. Defendant KHVO asks the Court to dismiss these claims for lack of subject matter jurisdiction. However, the Court has not dismissed Plaintiff's federal law claims against Defendant Adventure Resorts, and therefore retains jurisdiction over Plaintiff's state law claims against Defendant KHVO, as they arise from the same transaction or occurrence. Nevertheless, because Defendant KHVO requested summary judgment as to all Plaintiff's claims, the Court discusses her state law claims against KHVO.

 First, with respect to Plaintiff's H.R.S. ch. 378 claims, the above discussion of her failure to name KHVO in her EEOC/HCRC charge applies to these claims, and the Court therefore finds that Plaintiff is similarly barred from bringing her H.R.S. ch. 378 claims against KHVO.[34] *See White,* 322 F.Supp.2d at 1115.

 Second, as to Plaintiff's negligent supervision claim, she does not establish the existence of any employment relationship, as discussed *supra.* Lacking an employment relationship, Plaintiff cannot establish a prima facie case of negligent supervision against KHVO. *Cf. Fraser v. County of Maui* 855 F.Supp. 1167, 1184 (D.Haw.1994) ("The relationship of employer and employee may, under certain circumstances, create a duty on the employer to control the conduct of the employee." (quoting *Abraham v. S.E. Onorato Garages,* 50 Haw. 628, 50 Haw. 639, 446 P.2d 821, 826 (Hawai'i 1968))).

---

**33.** Defendant KHVO asserts that no diversity jurisdiction exists because it is a citizen of Hawaii, the same as Plaintiff's. Although considerations of diversity are not relevant to this case, because Defendant Adventure Resorts is incorporated in Hawaii, thus destroying diversity, the Court nevertheless notes that because KHVO is a limited liability *company,* its citizenship is that of its member(s), not its place of formation. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 124 S.Ct. 1920, 1932 n. 1, 158 L.Ed.2d 866 (2004); Wright et al., Fed. Prac. & Proc. § 3630 (2d ed. 1984 & Supp.2004) (Unincorporated Associations). The Court further

notes that although at the time Plaintiff filed her original Complaint, KHVO's member, Fairfield, was incorporated in Delaware, the parties have not set forth Fairfield's principal places of business, and therefore the Court cannot fully determine its citizenship and consequently cannot determine KHVO's citizenship.

**34.** The Court nevertheless notes that its discussion of the applicability of H.R.S. § 378–2(3) with respect to Defendant Westpro would also apply to Defendant KHVO. *See supra* Discussion Section I.

Third, as to Plaintiff's negligent corrective response claim, the Court initially notes that this "claim" actually comprises an essential element of her claim of hostile environment claim. *E.g. Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir.2001) (explaining that where "a harasser is . . . a co-worker, the plaintiff must prove that the employer was negligent, i.e., that the employer knew or should have known of the harassment but did not take adequate steps to address it." (citing *Nichols v. Azteca Restaurant Enters.*, 256 F.3d 864, 875 (9th Cir.2001))). Moreover, Hawaii law has not recognized negligent corrective response as an independent tort. Finally, even if such a claim was recognized, it would necessarily require showing that an employment relationship existed, and as with Plaintiff's negligent supervision claim, Plaintiff could not set forth her prima facie case. Accordingly, the Court finds that Plaintiff cannot establish that she is entitled to relief under this claim.

Thus, viewing the facts in the light most favorable to Plaintiff, the Court finds that no genuine issues of material fact exist and that Defendant KHVO is entitled to judgment as a matter of law that Plaintiff (1) failed to exhaust her administrative remedies and is therefore barred from raising her H.R.S. ch. 378 claims against Defendant KHVO; (2) cannot establish a prima facie case of negligent supervision against Defendant KHVO; and (3) cannot show that she is entitled to relief under a claim for negligent corrective response. The Court thus GRANTS Defendant KHVO's Motion for Summary Judgment as to Plaintiff's state law claims.

### C. *Punitive Damages*

As the Court has granted Defendant KHVO's Motion for Summary Judgment as to Plaintiff's Title VII and state law claims, no basis exists for her claim for punitive damages under either federal or state law. The Court therefore GRANTS Defendant KHVO's Motion for Summary Judgment as to Plaintiff's punitive damages claim.

### CONCLUSION

For the foregoing reasons, the Court (1) GRANTS Defendant Westpro's Motion to Dismiss,[35] and (2) GRANTS Defendant KHVO's Motion for Summary Judgment.

The Court notes that the following claims remain:

(1) Plaintiff's Hostile Work Environment claim under Title VII and H.R.S. ch. 378 against Defendants Adventure Resorts Realty, Inc., Shell Vacations Explorer, Inc., and Fairfield resorts, Inc.;

(2) Plaintiff's Retaliation claim under Title VII and H.R.S. ch. 378 against Defendants Adventure Resorts Realty, Inc., Shell Vacations Explorer, Inc., and Fairfield resorts, Inc.;

(3) Plaintiff's Negligent Supervision claim under state law against Defendants Adventure Resorts Realty, Inc., Shell Vacations Explorer, Inc., and Fairfield resorts, Inc.;

(4) Plaintiff's Negligent Corrective Response claim under Title VII and H.R.S. ch. 378 against Defendants Adventure Resorts Realty, Inc., Shell Vacations Explorer, Inc., and Fairfield resorts, Inc.;

(5) Plaintiff's Battery claim under state law against Defendant Gammell;

(6) Plaintiff's Punitive Damages claim under federal and state law against Defendants Adventure Resorts Realty, Inc., Shell Vacations Explorer, Inc., and Fairfield Resorts, Inc.; and

---

**35.** The Court grants Plaintiff thirty days leave to seek to amend her complaint.

(7) Defendant Kona Hawaiian Vacation Ownership, LLC's cross-claim against Defendants Adventure Resorts Realty, Inc. and Westpro Development, Inc.

IT IS SO ORDERED.